Leon B. Polsky, J.
The defendant moves for reargument of my earlier order denying as untimely his motion to suppress evidence obtained by means of court-authorized electronic surveillance. At that time I had decided that the motion, based upon the alleged failure of the People to present the wiretap tapes for sealing immediately upon the expiration of the eavesdropping warrant, was itself untimely since the motion was made more than one year after arraignment and therefore not within the time limits set forth in CPL 255.20 (subd 1).
In my unreported decision denying the motion, I reiterated my prior decision in People v Marsala (86 Misc 2d 425), where I had denied as untimely a motion to dismiss based upon the presence of an unauthorized person before the Grand Jury. Although I have discretion to entertain "in the interest of justice, and for good cause shown” (CPL 255.20, subd 3) an untimely motion made at any time prior to sentence, such discretion should rarely be exercised with respect to matters that go neither to the fairness or accuracy of the truth-finding process nor the jurisdiction of the court. Since compliance or noncompliance with the sealing requirement contained in CPL 700.50 (subd 2) in no way affects the integrity of the otherwise unchallenged taped interceptions, the sound exercise of discretion does not call for consideration of an untimely motion addressed to noncompliance with the sealing requirement.
Upon this motion for reargument, however, the defendant asserts that his motion was not untimely and that the court incorrectly perceived or assumed the defendant’s ability to make the motion to suppress at an earlier time. The defendant’s contention is correct.
*141 In the discovery portion of the defendant’s omnibus pretrial motion, timely made after arraignment, he sought copies of all orders made in connection with the eavesdropping. This demand for discovery was refused by the People and the refusal ratified by the Judge determining the contested matters in the omnibus motion. It is conceded by the People that the defense was not supplied with copies of the sealing orders or voluntarily informed by the prosecutor of the date of sealing until after the case had been transferred to this court for trial. The motion to suppress the evidence was made promptly after this information was supplied.
CPL 255.20 (subd 3) provides two standards for the consideration of motions made after the expiration of the 45-day time limit in subdivision 1. One standard relates to the discretionary consideration of motions which could or should have been made earlier. The second standard provides for mandatory consideration of a belated pretrial motion in the following language: "Notwithstanding the provisions of subdivisions one and two hereof, the court must entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in subdivision one of this section”. It is clear that the defendant had diligently sought by means of his discovery motion the information necessary to support the grounds for his suppression motion. The fact that he was refused this information takes his suppression motion out of the "discretionary” category and consideration of the merits is mandatory.
The motion for reargument is granted and upon reconsideration the prior order of this court denying the motion to suppress is vacated. Decision is reserved upon submissions heretofore made on the motion to suppress.