OPINION OF THE COURT
Leon B. Polsky, J.
What action should a court take with respect to a pretrial motion made by a defendant who, prior to disposition, jumps bail and becomes a fugitive? I believe, in the circumstances of this case, a dismissal of the motion with prejudice is the only appropriate action.
The defendant- was charged in three separate indictments filed in February, 1974, with four cocaine sales, two for $3,500 and two in lesser amounts. Prior to arraignment he agreed to *36 co-operate with the arresting officers and with the office of the Special Narcotics Prosecutor. Such co-operation involves not only the giving of information but more significantly and typically the introduction of undercover officers to other drug sellers or suppliers known to the co-operating defendant.
While the case was pending before me the defendant was instrumental in arranging one small drug purchase and gave some information, of doubtful value, to the narcotics officers to whom he was assigned. The defendant ceased co-operating with law enforcement officials after he had been beaten by an unidentified person who, the defendant claims, had accused him of being an informer. In the spring of 1975, defendant’s counsel moved before me to compel the People to offer a plea to criminal sale of a controlled substance in the third degree and to recommend life-time probation (see Penal Law, § 65.00, subd 1, par [b]; and People v Doe, 83 Misc 2d 785 for a similar motion). The People filed an affirmation denying various factual allegations and the defendant filed additional affidavits. Simultaneous with the pendency of the motion, plea negotiations were taking place and prepleading investigations of the defendant and a jointly indicted codefendant were ordered. On January 8, 1976 the defendants failed to appear, bench warrants were issued and the cases marked off the calendar.
Prior to the time the defendant failed to appear, the People had communicated a willingness to accept a plea to the lesser offense of criminal sale of a controlled substance in the third degree with a minimum sentence of three or four years’ imprisonment and a mandatory maximum of life.
Although a decision on the motion had been prepared in draft form (annexed as an appendix to this opinion) it was never filed.
In October, 1977 the defendant was rearrested on another charge and the bench warrant issued 20 months earlier was executed. The defendant explains his nonappearance from January, 1976 to October, 1977 by stating that he failed to appear because he feared for his safety if sent to prison. Newly assigned defense counsel seeks a decision on the motion heretofore filed.
Although I am unaware of any controlling case on the subject, there is extensive authoritative and analogous precedent relating to the dismissal of appellate proceedings brought by a defendant who becomes a fugitive during the pendency of an appeal from a judgment of conviction. The dual rationale *37 for dismissal is that the absent appellant would be unavailable to obey the appellate court’s mandate or judgment and, also, by his conduct the litigant has forfeited or abandoned his right to appellate review (see, e.g., Matter of James H, 36 NY2d 794; People v Del Rio, 14 NY2d 165, cert den 379 US 939; People v Genet, 59 NY 80; Molinaro v New Jersey, 396 US 365; Estelle v Dorrough, 420 US 534, reh den 421 US 921; United States v Garcia, reported sub nom. United States v Sperling, 506 F2d 1323, 1345 n 33).
I believe the forfeiture and abandonment rationale is directly applicable to pretrial motions. Although indicted defendants can hardly be characterized as willing participants in the judicial process it is not unreasonable to insist upon some modicum of adherence to the rules of the court and the law of the State insofar as it relates to affirmative matters which a litigant must raise and pursue. The limited resources of the courts need not be encumbered with motions remaining inchoate or in limbo while waiting for the litigant to be rearrested or to decide if and when he will submit himself to the court’s jurisdiction. If the rights which are the subject of these motions can be lost by the mere failure of the defendant’s lawyer to comply with the time limits set forth in CPL article 255, then I see no reason why a forfeiture could and should not also be imposed upon the far more deliberate and disruptive action of jumping bail or parole.[1]
I am not unaware of the potential harshness in application of a rigid rule imposing forfeitures and I do not suggest such a rule. Unlike the appellate dismissals, referred to above, we are not dealing here with defendants found guilty by a verdict of the triers of fact and therefore great caution should be exercised before finding a particular statutory or constitutional right has been abandoned. Of special concern are those matters which ultimately go to the fairness and accuracy of the truth-finding process, which the trial is supposed to be.
Accordingly, I find that when the defendant absconded in January, 1976, he abandoned his then pending motion and by failing to show good cause why the motion should now be entertained has failed to provide a basis for the exercise of *38 whatever discretion the court might have (cf. CPL 255.20, subd 3; People v Marsala, 86 Misc 2d 425; People v Frigenti, 91 Misc 2d 139).
The motion is dismissed and it is so ordered.
APPENDIX
This is another of the proliferating motions to dismiss in the interests of justice or to compel the granting of life-time probation brought by a defendant charged with four A-felony drug sales who, by co-operating with law enforcement authorities sought to qualify for life-time probation under section 65.00 (subd 1, par [b]) of the Penal Law.
The defendant had been arrested in February, 1974 and shortly thereafter arraigned upon three indictments charging two A-l felony sales and two A-II felony sales of cocaine. He was paroled at arraignment, having previously agreed to cooperate with the office of the Special Narcotics Prosecutor.
The defendant’s affidavit asserts that he was instrumental in setting up one buy of narcotics by undercover officers and that he attempted to introduce the undercover officers to several other sellers. He claims that police bungling and lack of interest prevented these attempts from producing actual sales. The defendant claims that at some unspecified date he was assaulted by an unknown person who called the defendant an informer. As a result of this assault the defendant’s nose was broken and he was hospitalized. The People generally deny the defendant’s allegations and assert affirmatively that the defendant’s co-operation "was limited to the introduction of a single experienced undercover officer to a single drug seller who sold at the one ounce level and below.” The People allege that the defendant refused to co-operate further although he kept telling the police he could introduce them to large scale dealers in narcotics.
A hearing is not required to resolve the factual disagreement between the parties.
Although I assume that there may be some situations when the court could dismiss in the interests of justice if the People refused to consent to a lesser plea and/or recommend life probation, this is not such a case.
Even if the defendant’s allegations are true, I would not be disposed to grant life probation since I do not believe the interests of the community would be adequately protected. As *39 evidenced by the quantity of drugs the defendant was allegedly able to deliver on the four sales he (if found guilty of the present charges) is clearly a significant violator of the narcotics law. In the absence of real prejudice to the defendant’s ability to defend against the charges (see People v Doe, 83 Misc 2d 785), there is no need to hold a hearing to resolve the contested factual allegations.
Accordingly, the defendant’s motion is denied.

. Although not directly before me, it is also my view that jumping bail does not interrupt the running of statutory or court-ordered time schedules for motions. Thus, if a defendant absconds before making required motions and is not secured until after his time for motions has run, I believe the Judge before whom the case is then pending may deny subsequently made motions as untimely.