*938 OPINION OF THE COURT
Florence M. Kelley, J.
After a consolidated hearing and argument on motions to suppress both a statement and physical evidence the court granted the motion with regard to the statement and granted in part and denied in part the motion to suppress physical evidence in accordance with the following memorandum.
THE FACTS
On April 18, 1977, Detectives Harrington and Morrissey went to the residence of the defendant, Joseph Saponara, to execute a Nassau County bench warrant for his arrest, which had been issued on a 1973 misdemeanor narcotics case. At approximately 12:40 p.m. the two detectives entered the multiple dwelling in which Mr. Saponara lived. Shortly thereafter, Mr. Moloney, the superintendent of the building, went to the Saponara apartment in order to inform the defendant that his rent was overdue. While the two were conversing, Detective Harrington, followed by Detective Morrissey, confronted Mr. Saponara and identified himself as a police officer. The defendant responded by turning and running towards the rear of his apartment; he was subdued and arrested. In the living room area Detective Morrissey noticed in plain view what he believed to be controlled substances. A subsequent search revealed quantities of marihuana.
Prior to the conclusion of the combined hearing the defendant voluntarily absented himself. Accordingly, the court determined that he waived his right to be present during the remainder of the hearing.
THE EFFECT OF THE DEFENDANT’S ABSCONDING DURING THE
HEARING
The People have failed to persuade this court that it should adopt the approach taken in People v "Hayes” (92 Misc 2d 35) (hereinafter referred to as "Hayes”) and accordingly will not dismiss the suppression motions at bar without reaching the merits. Although that approach may have some validity when limited to State conferred rights, such action is unwarranted whén issues of Federal constitutional dimension are presented.
In "Hayes”, the court determined that as a result of absconding, a defendant may be found to have abandoned (i.e., *939 waived) his right to a determination on the merits of certain pretrial motions arising under State statute.[1] Here the court was conducting a consolidated hearing, mandated by the United States Constitution, to determine the validity of Mr. Saponara’s claim that his Fourth,[2] Fifth,[3] and Fourteenth Amendment rights had been violated. This distinction compels following the road not taken in "Hayes” — the motion must be decided on the merits.
The long-established standards for finding waivers of constitutional rights[4] cannot be ignored. Courts have been directed to "indulge every reasonable presumption against waiver of fundamental constitutional rights” (Johnson v Zerbst, 304 US 458, 464).
THE PHYSICAL EVIDENCE
We are not here concerned with the passage of a single glassine envelope (People v Oden, 36 NY2d 382), a brown manila envelope (People v Corrado, 22 NY2d 308), or a few tinfoils. Unlike the accused in People v Nadel (55 AD2d 659), Mr. Saponara, when confronted by the detectives, turned and attempted to flee. After subduing the defendant and explaining their purpose, the detectives inadvertently discovered: (1) several small packages with a brownish substance thought to be hashish, (2) several containers with white powder thought to be cocaine, (3) several vials of liquid thought to be LSD, (4) five plastic bags with 200 blue tablets in each thought to be LSD, (5) an additional large quantity of blue tablets thought to be LSD.[5]
All of the above were found in plain view on a table in the living room area. None of the enumerated items were packaged in a manner which would suggest that they had been secured in normal commercial channels. The detectives involved were experienced narcotics officers. The charge underlying the bench warrant executed concerned controlled substances.
The totality of circumstances presented herein provides an ample basis for the seizure of the contraband in the *940 Saponara apartment. It must be borne in mind, that the seizure took place after the officers were lawfully on the premises. They were taking the defendant into custody when they observed what they reasonably suspected to be a substantial amount of narcotics. Under these circumstances any prudent police officer would be compelled to seize the contraband without delay.
THE STATEMENT
After the bulk of the controlled substances was seized, Detective Harrington asked Mr. Saponara "if there was anything else in the apartment that he wanted to surrender?” The detective explained that the defendant would not be charged with anything found as a result of his disclosures. The defendant responded that there was an additional quantity of marihuana in a knapsack.
The defendant’s statement must be suppressed. First, the necessary Miranda warnings were not given. Secondly, the statement was made as a direct result of Detective Harrington’s ploy. (Cf. Wong Sun v United States, 371 US 471.)
Accordingly, the motion to suppress the physical evidence is granted with regard to the marihuana in the knapsack which was discovered as a result of an illegally obtained admission. The motion is denied with respect to all other physical evidence seized.
The motion to suppress the statement is granted.

. A motion to compel an offer of lifetime probation (Penal Law, § 65.00, subd 1, par [b]) or alternatively to dismiss the indictment in the interests of justice (CPL 210.40).

. Mapp v Ohio (367 US 643).

. Jackson v Denno (378 US 368).

. Johnson v Zerbst (304 US 458).

. In all, more than 3,000 tablets were seized.