■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BARKER, Appellant.—Appeal by defendant (by permission) from an order of the Supreme Court, Kings County, dated July 7, 1978, which denied without a hearing his motion pursuant to CPL 440.10 (subd 1, par [h]) to vacate a judgment of the same court, rendered June 6, 1975, convicting him, upon a plea of guilty, of felony murder. Order affirmed. Defendant was indicted for felony murder and, upon advice of counsel, pleaded guilty to that charge on March 12, 1975. Defendant's motion to withdraw the guilty plea on the ground that he had been inadequately represented by counsel at an earlier *Huntley* hearing was argued May 30, 1975, and then denied. While an appeal from the judgment rendered upon the plea was pending, defendant escaped from the Rikers Island House of Detention on August 13, 1975, and this court, on December 5, 1977, dismissed the appeal with prejudice. Defendant was arrested in Florida on January 27, 1978, two and one-half years after his escape, and moved, pursuant to CPL 440.10 (subd 1, par [h])

to vacate the judgment. His ground was that prior to his pleading guilty to felony murder, he had never been advised by counsel of the existence of the affirmative defense to felony murder (see Penal Law, § 125.25, subd 3), and as he believed he could have asserted that defense at trial successfully and would have attempted to do so if he had known about it, he therefore claimed that he had been denied effective assistance of counsel (see *People v Bennett*, 29 NY2d 462; *People v Glenn*, 59 AD2d 724). We would have been inclined to order a hearing for the purpose of making factual determinations relative to this issue had defendant perfected his direct appeal. But as defendant has demonstrated a preference for fleeing rather than litigating, we hold that defendant is estopped, by the earlier dismissal of his appeal, with prejudice, from asserting this issue by a postjudgment motion. We further note that an issue which could have been raised on direct appeal may not be raised by such a motion (see CPL 440.10, subd 2, par [c]). Although this specific issue was not raised at the hearing on May 30, 1975, under the facts here defendant could have requested a hearing on this issue based upon the record on his direct appeal. His motion pursuant to CPL 440.10 is therefore improper (see *People v Brown*, 13 NY2d 201; *People v Howard*, 12 NY2d 65). Titone, J. P., Margett, Martuscello and Mangano, JJ., concur.