Henry BARKER, Petitioner,

v.

Everett JONES, Correctional Superintendent, Great Meadow Correctional Facility, and Robert Abrams, State Attorney General, Respondents.

No. 80 C 236.

United States District Court,
E. D. New York.

April 2, 1981.

Chester L. Mirsky, Washington Square Legal Services, Inc., New York City, for petitioner.

Eugene Gold, Dist. Atty., Kings County, Brooklyn, N. Y., for respondents by Adrian Mecz, Asst. Dist. Atty., Brooklyn, N. Y.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

The threshold question which must be addressed in this habeas proceeding under 28 U.S.C. § 2254 is whether petitioner, now serving a sentence of fifteen years to life on his bargained guilty plea to a State felony murder charge, may prosecute here a constitutional claim of ineffective assistance of counsel after he had forfeited that right in the State courts by becoming a fugitive, resulting in the dismissal with prejudice of his direct appeal. For the reasons indicated below, the Court declines to entertain petitioner's claim in such circumstances in the interest of a due respect for the comity existing between State and federal courts, and the petition will be dismissed.

Petitioner's difficulties began on July 5, 1974, when he and a co-defendant, Joseph Ciulla, attempted to rob petitioner's employer, Samuel Richards, a 72-year old house painter, who allegedly owed petition-er for some work. In the course of a struggle during the robbery, Ciulla stabbed the victim with a stiletto knife, causing his death. The pair were indicted for homicide on September 2, 1974, and after a trial justice ruled their statements were admissible, both withdrew earlier pleas of not guilty and, on the advice of appointed counsel, Richard Goldberg, Esq., pleaded guilty to a count of felony murder.

Subsequently, petitioner, then represented by new court-appointed counsel, Edward L. Johnson, Esq., sought to withdraw his guilty plea, claiming that while he acknowledged guilt as to robbery, he was not guilty of murder since he had not touched the victim and did not know his confederate had a knife or was going to use it. The court, finding that the plea was made voluntarily and with full understanding of the consequences, denied the motion to withdraw the plea and thereafter imposed sentence.

At the sentencing hearing petitioner was informed that he had thirty days to file a notice of appeal, and that the Appellate Division would appoint a lawyer, if he could not afford one himself. At his request, attorney Johnson filed a notice of appeal, and on September 4, 1975, counsel from the Legal Aid Society was appointed to represent him. On August 13, 1975, however, petitioner had escaped from Riker's Island. Thereafter, the Legal Aid Society moved to dismiss the appeal without prejudice, because of his absence from the jurisdiction. The Appellate Division granted the motion but ordered the appeal dismissed with prejudice in view of the escape.

In January 1978 petitioner was captured in Florida and returned to New York to serve his sentence. Through present counsel, a motion was filed pursuant to New York Criminal Procedure Law § 440.10(1), subd. [h] (McKinney's), seeking to vacate the judgment of conviction on the ground the guilty plea was obtained in violation of due process and petitioner's right to effective assistance of counsel.[1] The motion was

1. The claim is premised upon his prior attorneys' seeming failure to recognize that N.Y.Pe-

nal Law § 125.25 (McKinney's) subd. [3], provides for an affirmative defense to a charge of

denied after argument but leave was granted to appeal to the Appellate Division. That court affirmed on the ground that petitioner was estopped by his "demonstrated ... preference for fleeing rather than litigating," and that it was improper to entertain such a motion under CPL § 440.10 subd. 2, par. [c], *People v. Barker,* 71 A.D.2d 902, 419 N.Y.S.2d 617, 618 (App.Div. 2d Dep't 1979). After leave to appeal to the Court of Appeals was denied, petitioner commenced the present habeas proceeding.

■ At the outset, it should be noted that as a matter of comity between federal and State courts, a federal court may deny a State habeas petitioner relief when the State courts have previously declined to hear his claim of federal constitutional violation because of a State procedural rule which prevents review. Such a State court decision has been acknowledged to rest on an independent and adequate State ground and to bar, in varying circumstances, federal habeas review. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Brown (Daniels) v. Allen,* 344 U.S. 443, 482–87, 73 S.Ct. 397, 420–22, 97 L.Ed. 469 (1953).

■ The procedural rule of which petitioner here ran afoul is the requirement of the New York courts that an individual's appeal may be heard only if he is present within the jurisdiction, in order that any mandate of the appellate court may be enforced. *See, e. g., People v. Sullivan,* 28 N.Y.2d 900, 322 N.Y.S.2d 730, 271 N.E.2d 561 (Ct.App.1971); *People v. Del Rio,* 14 N.Y.2d 165, 250 N.Y.S.2d 257, 260, 199 N.E.2d 359 (Ct.App.1964). Although acknowledging that a notice of appeal was filed at his request, petitioner seeks to avoid the rule by basically contending there was no intentional relinquishment of his *known* right of appeal. This is premised on assertions that having heard his attorney's statements that there were no errors in the record, he had no hope of vindicating his belief in his innocence on the murder charge, and did not know what consequences his escape would have on the pending appeal.

Even though under *Fay v. Noia, supra,* on which petitioner heavily relies, escape is not *per se* a "deliberate by-pass" of State procedures, since "[e]ach case must stand on its facts," 372 U.S. at 440, 83 S.Ct. at 849,[2] a recent gloss on *Wainwright v. Sykes, supra,* in this circuit signals a more strict observance of State appellate procedures in deference to "considerations of comity." *Forman v. Smith,* 633 F.2d 634 (2d Cir. 1980).

In *Forman* the Court of Appeals applied the narrower "cause and prejudice" standard of discretion to bar federal habeas review of a Sixth Amendment right to counsel claim, which the defendant did not include with other issues raised on his direct appeal. In doing so, the court identified four factors of concern in *Wainwright,* which it accepted as "pertinent" to its analysis of whether procedural appellate defaults would be treated under *Wainwright* or *Fay*:

felony murder, if the defendant can prove that he:

"(a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and

"(b) Was not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public by law-abiding persons; and

"(c) Had no reasonable ground to believe that any other participant was armed with such a weapon, article or substance; and

"(d) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

In asserting the alleged deprivation of such a defense, petitioner overlooks the bargained nature of his plea, by which he surely avoided a 25-year to life sentence (Tr. 28–29), as well as the possibility that his defense may not have been believed by a jury had he gone to trial.

2. *But see Strickland v. Hopper,* 571 F.2d 275, 276 (5th Cir. 1978) (district court's discretion under *Fay v. Noia* properly exercised to hold escape was deliberate by-pass of pending motion for new trial).

"(1) comity: federal courts should respect state rules of procedure; (2) finality: the claim, if presented at trial, might have been dealt with in a way that disposed of either the claim itself or the entire case; (3) accuracy: the state trial, unlike federal habeas review, takes place a relatively short time after the events of the crime, when witnesses are available and memories are fresh; (4) trial integrity: all issues should be fully aired at the trial, with no inducement for the defendant, or his attorney, to withhold certain issues in the hope of later obtaining a more favorable ruling from a federal court." 633 F.2d at 639.

Here, as in *Forman*, the second factor of finality of the proceedings prior to conviction, is of minimal importance in the context of an appellate default. Similarly, the fourth factor, maintaining the integrity of the proceedings wherein the procedural default occurs to prevent "sandbagging" upon federal habeas review, can have little relevance where the entire stage of the proceedings has been eliminated. But "considerations of comity" do apply "as forcefully to the observance of state appellate procedures as to those of state trials," *id.* There is no apparent reason why the New York rule commanding the dismissal of pending appeals by escapees should be treated differently from other rules regarding State appellate practice.

Petitioner argues, however, that granting habeas relief, even though there was a forfeiture of State appellate remedies, will not actually reward escapees, since he undoubtedly has lost his opportunity to raise State claims and can only raise federal constitutional claims on habeas. He also points out that granting him the relief he requests would not bestow on him anything he would not have received had he perfected the appeal. See Reply Memo at 11. But this misses the root question of under what circumstances federal power should be exercised to examine alleged federal constitutional defects in a State conviction which

has not before been reviewed at any appellate level.

At this point, concern for accuracy in federal habeas fact finding, the third *Wainwright* factor which clearly dominated the *Forman* court's analysis, see 633 F.2d at 640, and which plainly applies with equal force where the default affects the entire appeal, dictates the conclusion that *Wainwright* must be applied. In this case there was a two-year lag between the timely filing of the notice of appeal and the appointment of counsel and the dismissal, followed by three additional years of fugitive status. It is unclear whether the remand for a factual inquiry into the adequacy of the representation, which the Appellate Division indicated would have been likely, see *People v. Barker, supra*, 71 A.D.2d 902, 419 N.Y.S.2d at 618, could have been conducted sooner than the dismissal. However, any fact inquiry by a federal judge into the same circumstances would have occurred in this case, at the earliest, five years after the fact—the same delay that the *Forman* court emphasized would have "a major" harmful impact upon the accuracy of fact finding in a habeas proceeding, 633 F.2d at 640.

Anticipating this result, petitioner argues that the circumstances of his case demonstrate "cause" and "prejudice." The court disagrees with respect to "cause." Even viewing attorney Johnson's alleged advice that there were no appealable issues as ineffective assistance of counsel,[3] there is no basis for concluding that his appointment indicated that New York did not provide a "forum conducive to the exercise of the petitioner's federal rights" (Pet. Br. at 42), as in *Jurek v. Estelle*, 593 F.2d 672, 683–84 (5th Cir. 1979), *rev'd in part, aff'd in part on other grounds*, 623 F.2d 929 (5th Cir. 1980) (*en banc*). New York courts have not hesitated to overturn convictions entered on guilty pleas in circumstances like those alleged to be present here, *e. g., People v. Glenn*, 59 A.D.2d 724, 398 N.Y.S.2d 364 (2d Dep't 1977). See also *People v.*

---

**3.** *But see Bellavia v. Fogg*, 613 F.2d 369 (2d Cir. 1979); *Indiviglio v. United States*, 612 F.2d 624, 626–27 (2d Cir. 1979), *cert. denied*, 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980).

*Droz,* 39 N.Y.2d 457, 384 N.Y.S.2d 404, 348 N.E.2d 880 (Ct.App.1976).[4]

Furthermore, it is plain that petitioner's own volitional act of escape cannot constitute excusable "cause" for the default which subsequently occurred. The dismissal of his appeal did not come about because of any misleading statements made on behalf of the State, as was claimed in *Forman, supra,* 633 F.2d at 641, which led him not to pursue his appeal. Nor can the court accept petitioner's alternate argument that Johnson's ineffective representation, or his discouraging statements regarding appeal, left petitioner no alternative but to escape (Pet. Br. at 42). Although an attorney's ineffective trial representation, even "short of that necessary to make out a Sixth Amendment claim," may satisfy the "cause" requirement, *Tyler v. Phelps,* 622 F.2d 172, 177 (5th Cir. 1980), *but see Indiviglio v. United States,* 612 F.2d 624, 631 & n.13 (2d Cir. 1979), *cert. denied,* 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980), consistent with the opinion expressed in *Wainwright* that the cause and prejudice standard should be an "adequate guarantee" against a "miscarriage of justice," 433 U.S. at 91, 97 S.Ct. at 2508, the prospect petitioner faced was not so stark as he depicts. He knew that new counsel would be appointed for his appeal, and it is clear he was sure in his own mind that his participation in the robbery should not have exposed him to the sentence he received as readily as it did. In this context the court cannot say that excusable cause for the escape and subsequent default inhered in his former attorneys' alleged incorrect advice.

Accordingly, the petition for a writ of habeas corpus is denied.

So ordered.

**4.** Nor can the procedural rule involved be considered to have worked an unconstitutional forfeiture of petitioner's federal rights. See Hill, The Forfeiture of Constitutional Rights in Criminal Cases, 78 Col.L.Rev. 1050, 1063–79 (1978). It is well established that a State may constitutionally withdraw a defendant's State-granted right of appeal upon his escape, *e. g., Allen v. Georgia,* 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). There is no indication that New York has applied its rule in this case in other than an evenhanded manner.