OPINION OF THE COURT
Nicholas A. Clemente, J.
Defendants Thomas Coleman, Michael Dukes and Derrick Hoover were, inter alia, indicted for robbery in the first degree and arraigned on February 11, 1982. No pretrial motions were made by any of the defendants within the following 45 days. Thereafter the People moved on April 2, 1982 to preclude the defendants from serving pretrial motions and demand for discovery. CPL 255.20 (subds 1, 3) in part provides:
*686 “1. Except as otherwise expressly provided by law, whether the defendant is represented by counsel or elects to proceed pro se, all pretrial motions shall be made within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment * * *
“3. Notwithstanding the provisions of subdivisions one and two hereof, the court must entertain and decide on its merits, at anytime before the end of the trial, any appropriate pretrial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in subdivision one of this section or included within the single set of motion papers as required by subdivision two. Any other pre-trial motion made after the forty-five day period may be summarily denied, but the court, in the interest of justice, and for good cause shown, may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits.”[1]
Contemporaneously with the People’s application Coleman’s attorney made an “omnibus motion” to which the District Attorney has responded.[2] Hoover has not answered the motion at all while Dukes’ attorney responded by first preparing an omnibus motion which was dated April 13, 1982 (making it returnable on April 14,1982 and presumably serving it on the return day). In addition, he later opposed the motion and cross-moved to extend the time within which pretrial motions might be filed. In a supporting affirmation, Dukes’ attorney sought to explain and excuse the failure to make the pretrial motions within the required period. He states that although an attorney from his office appeared at the arraignment on February 11, *687 1982, he did not receive the case until approximately one week thereafter. Upon reviewing the file he discovered that Dukes was represented by a Victor Kleinfeld on a prior matter pending in Criminal Court. Knowing that said Victor Kleinfeld was representing codefendant Hoover in the instant matter, he initiated an intraoffice procedure to determine the exact circumstances of the legal representation and whether there was a conflict of interest. Dukes’ attorney argues that this period of approximately 24 days should toll the statute. He argues further that he was actually engaged on trial in other matters and this time should also be excluded. Finally, he argues that despite the expiration of the 45-day period, the court, in the exercise of its discretion, should allow the pretrial motions since the People have suffered no prejudice by the delay.
The District Attorney, on the other hand, contends that the defendant waives his right to pretrial motions in the absence of good cause once the 45-day period has expired (and that the motion to preclude should not be treated as a notice of demand but rather as a means by which the waiver is confirmed).
The issue therefore presented is whether CPL 255.20 mandates preclusion against the defendants, and if so, to what extent. As to Hoover there can be little doubt that there should be preclusion since, as previously indicated he never made any pretrial motions nor answered the People’s motion to preclude. As to Coleman, he should be precluded also as to the remaining pretrial motions which it might have been possible to make. With Dukes, since it is not disputed that more than 45 days have elapsed since arraignment, the question becomes whether there are any circumstances or legal reasons why certain periods should be excluded so as to toll the statute. Stripped to its essentials, Dukes’ attorney alleges that during part of the period he was. both on trial in other matters and also trying to determine whether he should continue to represent the defendant. It is readily apparent that these reasons, with overtones of law office failure, would hardly excuse a civil default (cf. Barasch v Micucci, 49 NY2d 594) and are just as obviously insufficient to justify a failure to make pretrial motions in a criminal case. To hold otherwise would mean *688 that defense attorneys could, with impunity, take no action on a pending indictment so long as they were involved in any other trial or inquiry.
CPL article 255 sets forth the method by which the defendant must seek various types of pretrial relief. There is authority for the view that failure to follow its provisions-mandates summary denial of pretrial motions. As the Appellate Division, Second Department, stated in People v Selby (53 AD2d 878, affd 43 NY2d 791), “In order to insure its continued viability, CPL article 255 must be strictly construed and enforced.”
It must also be noted that there are strong policy reasons supporting strict enforcement of CPL 255.20. The CPL places upon the People the burden of giving the defendant a speedy trial (CPL 30.30). It seems consistent and fair that another provision of the CPL which seeks to speed the administration of criminal justice be accorded the same importance even where the burden of such provision falls on the defendant. CPL 255.20 creates an unambiguous requirement that the defendant show good cause before an untimely omnibus motion may be determined favorably on his behalf. Thus the fact that the People appear not to be prejudiced by the delay cannot inure to the benefit of the defendant.
The affirmation presented to the court is so insufficient in explanation that I must conclude that Dukes has failed to show good cause for failing to make the motion within 45 days following arraignment. Preclusion therefore appears warranted by CPL 255.20. This conclusion may appear harsh especially since the tardiness is of relatively short duration. Nevertheless, for the court to disregard the violation of the 45-day requirement where no good cause has been shown would arbitrarily negative a very clear legislative injunction.
Final determination of the matter, however, demands resolution of an issue which pertains to all the defendants herein. That is, would preclusion, regardless of delay, constitute a violation of a defendant’s right to due process and a fair trial?
This issue turns on whether the matters precluded adversely affect the truth-determining process and so under *689 mine fundamental constitutional rights. In the absence of such factors a defendant’s unexcused failure to move within 45 days of arraignment should be deemed a waiver. Instructive in this regard is People v Key (45 NY2d 111). There, defense counsel, after the jury had been sworn, moved to dismiss an information on the grounds that it was legally insufficient. The Court of Appeals, while implying that some defects might not be waivable, held that the conceded defect in the subject information was waivable by the defendant because the motion to dismiss was not timely made under CPL 255.20.
The subject of certain pretrial motions incapable of being waived may be analogized to the appealability of errors to which no objection is made. In People v Patterson (39 NY2d 288, affd 432 US 197) the court noted that there is an exception to the requirement of a timely objection. The dissenting opinion in People v Narayan (76 AD2d 604, 617, revd 54 NY2d 106) discussed the rule of Patterson (supra) stating “errors which go to the essential validity of the proceedings conducted below should be reviewed even in the absence of an objection (see People v Thomas, 50 NY2d 467; People v Michael, 48 NY2d 1). People v Musolino (54 AD2d 22, 25, cert den 430 US 935) explained this aspect of Patterson (supra) in the following way: ‘The exemption found controlling in Patterson applies where the entire structure of the guilt-determining process is flawed.’ ”
In sum, what emerges is the realization that despite a failure to act within the time parameters of CPL 255.20, a defendant may still be entitled to relief when the consequences affect the accuracy and fairness of the truth-finding process of the trial (People v Hayes, 92 Misc 2d 35, 37; People v Frigenti, 91 Misc 2d 139, 140).
Applying the above principles to the motion at bar, it becomes apparent that insofar as Dukes’ pretrial motion would seek to suppress an inculpatory statement as well as tangible evidence, the motion should be summarily denied. There are no compelling reasons to abandon the 45-day requirement as to those matters (see People v Bostic, 97 Misc 2d 1039, 1044). They do not affect the truth-finding process since a failure to suppress evidence may well enhance such process. Moreover, the issue of voluntariness *690 of the statement can be raised anew at the trial itself (cf. People v Graham, 55 NY2d 144; People v Selby, supra).
Similarly, insofar as the motion seeks to dismiss the indictment after inspection of the Grand Jury minutes, it too may be summarily denied since a defect in this regard would be deemed cured by a conviction supported by legally sufficient evidence (cf. People v Ganett, 68 AD2d 81, 84, n 1; but see People v Davis, 99 Misc 2d 844, 847, where despite no good cause shown the court allowed inspection because of “attendant circumstances”).
The remaining items of Dukes’ omnibus motion regarding a bill of particulars and discovery, may not be denied because they relate directly to the accuracy of the truth-finding process. The inability to obtain information to prepare his case would infringe upon the defendant’s constitutional right to a fair trial pursuant to the Sixth Amendment.[3]
It should be noted that the Sandoval motion, while included with Dukes’ omnibus motion, is not a “pretrial motion” within the purview of CPL 255.10 and hence is not subject to the time strictures of CPL 255.20. A hearing on that issue should accordingly be allowed.
The People’s motion to preclude is therefore granted as to defendants Hoover and Coleman (relating to those pretrial motions not heretofore made and not mandated in the interest of a fair trial) and further granted as to defendant Dukes except that it is denied as to items 6 (bill of particulars and discovery) and 7 (Sandoval) of Dukes’ omnibus motion. Of course, if any of the defendants can show that *691 the interest of justice warrants the grant of pretrial relief at this late date they may submit such motion as permitted by CPL 255.20 (subd 3).

. Subdivision 2, which requires all pretrial motions to be included within the same set of papers, is not in issue here.

. Therefore it is assumed that the People have withdrawn their preclusion motion as to those matters contained in Coleman’s pretrial motions. Accordingly, the court has ruled in a separate decision on the merits of such motions. In regard to possible pretrial motions not included in Coleman’s omnibus motion (e.g., a motion for severance or a motion for inspection of Grand Jury minutes) the decision herein also applies.

. The court recognizes that inherent in strict enforcement herein is the spectre of the denial of another constitutional right nestled within the Sixth Amendment. That is, the right to counsel with its injunction that such assistance be effective. If subsequent circumstances should reveal that a defendant has been prejudiced by the denial of the motions in issue, a claim of incompetence of counsel may well be a substantial appellate issue. It must be noted, however, that merely because a defendant’s attorney has failed to timely make a motion does not ipso facto constitute incompetence. What will determine that issue, if raised,-is the totality of circumstances. As stated in People v Baldi (54 NY2d 137, 147) “[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met”.