OPINION OF THE COURT
Budd G. Goodman, J.
On November 11, 1984, defendants Jose Gilestrella and Jose Suriel went to trial in this court for criminal possession of a weapon in the third degree. At the end of the People’s case, and again at the close of the entire case, counsel for Jose Gilestrella moved to dismiss the indictment on the grounds that the People had failed to make out a prima facie case. The court was of a similar mind and was prepared to entertain the motion under CPL 330.30 (1) but allowed the case to go to the jury in order to preserve the issue for appeal in the event that the jury should convict. However, while the jury was deliberating, Mr. Gilestrella, who was on bail, absconded. On November 15,1984, the jury found both defendants guilty and at that time the court requested papers from the People and Mr. Gilestrella’s counsel on the issue of whether the jury verdict should be set aside — in the event that Mr. Gilestrella should return by the time the papers were due. From that date to this, Mr. Gilestrella has never been heard from, his bail has been revoked and the State considers him a fugitive from justice. Therefore, the court will proceed on the assumption that his absence is voluntary.
*357 The court has found neither statutory nor recorded case authority which addresses the issue of whether a trial court should consider the merits of a defense motion to set aside the verdict on the ground of legal insufficiency where the defendant has absconded during the pendency of the motion and prior to the termination of the jury’s deliberations which deliberations resulted in a conviction.
There is, however, abundant analogous precedent in both Federal and State appellate cases which the court has reviewed and will follow in making its determination. These cases exhibit a general inhospitality among appellate courts to give their attention to proceedings when a defendant has absented himself deliberately during the pendency of proceedings which the defendant himself has instituted. The fact that a defendant is a fugitive at large, and beyond the control and without the power of the authorities of this State[1] disentitles him “to call upon the resources of the Court for determination of his claims.”[2] A long unbroken line of appellate court cases stretching from the 19th century to the present supports the well-established principle of American law that dismissal of a pending appeal instituted by a now fugitive defendant is an appropriate disposition on the theory that by absconding the defendant has “waived his right”[3] to appeal or has “forfeited”[4] or “abandoned”[5] his motion.[6] To hold otherwise would be to facilitate evasion of “the justice of the State”[7] by extending to the fugitive “the means of reviewing [his] conviction”[8] notwithstanding he has chosen to remove himself from the power and control of the courts.
*358 The Eastern District, in Barker v Jones[9] has held that a fugitive who wishes to be heard “[runs] afoul [of] the requirement of the New York courts that an individual’s appeal may be heard only if he is present within the jurisdiction”.[10]
In Barker (supra), the defendant, while serving a 15-year sentence, filed a habeas corpus petition in District Court which denied his right on, inter alla, comity grounds after the lower court held that he had forfeited such right in State courts by becoming a fugitive and after his direct appeal to State courts was dismissed with prejudice because of his fugitive status. [11]
Like the lower court in Border (supra), this court was inclined to consider the defendant’s motion to dismiss had he shown “ ‘[a] preference for [litigating] rather than [fleeing]’ ”.[12] “The whole theory of criminal proceedings is based upon the idea of the defendant being in the power, and under the control of the court, in his person.”[13] Here the defendant has chosen to remove himself from that position.
All the Federal and State appellate courts which address this issue concur in the view that a defendant who, either prior to or during incarceration, absconds cannot “take any action before the court.”[14] In 1874, the Court of Appeals, in People v Genet, held that no steps could be taken on behalf of a defendant who had fled “from the custody of the law”[15] and was therefore no longer either in custody or on bail. The court found that the defendant must be present “when he is to be tried, or when some sentence or judgment involving his corporal punishment is to be pronounced. His being in custody is necessary to any step for or against him, except such as may be taken to bring him again into custody.”[16]
In Allen v Georgia,[17] the Supreme Court upheld the refusal of the Georgia courts to reinstate the appeal of a recaptured prisoner, stating that such action seemed but a light punishment for such offense.[18] The court held that he had, by escaping, *359 abandoned his appeal. One State which has codified the principle is Texas.[19] That statute provides for automatic dismissal of a pending case by a fugitive defendant and for reinstatement of the appeal if the defendant voluntarily surrenders within 10 days of his escape. It is interesting to note that the statute provides that jurisdiction no longer attaches upon escape. Thus, “the escape itself divests the court of jurisdiction”.[20]
Appellate courts use several methods to deal with such appeals,[21] the most common of which is dismissal at the expiration of a time fixed by the court. In the opinion of this court, conditional dismissal[22] is the fairest - and most appropriate method of disposing of such cases. The purposes served by dismissal of such motions in the appellate courts are applicable to trial courts. Appellate courts are interested in discouraging flight; the same is true of trial courts. Appellate courts are interested in promoting and maintaining dignified and orderly judicial procedure; the same is true of trial courts. Appellate courts are interested in preserving the limited resources of the court; the same is true of trial courts. Finally, appellate courts are interested in retaining power and control over the accused so that their orders can be executed; the same is true of trial courts.
Therefore, it is the opinion of this court that when a criminal defendant flees during the pendency of a motion and prior to the conclusion of a trial, trial courts, like appellate courts, should not have to “await * * * the pleasure and decision of the criminal to return”.[23] It is much more becoming to the court’s dignity that it should “prescribe the conditions upon which [a fugitive defendant] should be permitted to appear”[24] rather than allowing the *360 fugitive defendant to dictate “the terms upon which he will consent to surrender himself”[25] to the custody of the courts.
It should be noted that the denial of such a motion is neither a deprivation of due process nor a derogation of constitutional right.[26] Further, the court finds no persuasive reason to adjudicate the merits of the motion. The court finds that it has authority under all of the above-cited cases to deny the motion, and in conclusion, the court holds that the only appropriate action is dismissal.
Accordingly, the defendant’s motion to set aside the verdict on the grounds of legal insufficiency is denied unless counsel for the defense notifies the court within 10 days of the date of this order that Mr. Gilestrella has returned and is submitting himself to the jurisdiction of the court.

. People v Genet, 59 NY 80 (1874).

. Molinaro v New Jersey, 396 US 365, 366 (1970) (Mr. Justice Douglas concurred in the result).

. 24A CJS, Criminal Law § 1825 (4), at 484.

. Barker v Jones, 511 F Supp 527 (US Dist Ct, EDNY 1981).

. Allen v Georgia, 166 US 138 (1897).

. (Smith v United States, 94 US 97 [1876]; Bonahan v Nebraska, 125 US 692 [1887]; see also, United States v Sperling, 506 F2d 1323,1345, n 33 [4th Cir 1974]; Matter of Stern v United States, 249 F2d 720, 722 [2d Cir 1957] [where the conduct of the defendant in fleeing the jurisdiction was held to show “a determined effort to deprive the court of the power to execute its mandate”]; Eisler v United States, 335 US 857 [1948]; see also, People v Hayes, 92 Misc 2d 35 [1977]; People v Deutsch, 23 AD2d 732 [1964]; People v Sullivan, 28 NY2d 900 [1971]; People v Del Rio, 14 NY2d 165 [1964]; People v Moses, 59 NY2d 667 [1983].) “In analogy to these cases, while proceedings of outlawery were, under former laws, the consequence of a defendant criminal not appearing in person, he could only have a writ of error to reverse those proceedings on rendering himself into custody and coming in person to the bar to pray that the writ should be allowed to him. (1 Chitty Cr. Law, 369; 1 R.L., 167, § 9.)” (People v Genet, 59 NY 80, 82, supra.)

. Supra, p 82.

. Supra, at p 83.

. Barker v Jones, supra, p 531, n 4.

. Barker v Jones, supra, at p 529.

. 28 USC § 2254; CPL 440.10 (1) (h); (2) (c); Penal Law § 125.25 (3).

. Barker v Jones, supra, at p 529.

. People v Genet, supra, at p 81.

. Supra, at p 82.

. Supra, p 82.

. Supra, p 82; emphasis added.

. Supra, at p 141.

. Supra.

. Tex Code Crim Pro art 44.09.

. (Estelle v Dorrough, 420 US 534, 535, n 1, reh denied 421 US 921; see also, People v Genet, supra; Allen v Georgia, supra.)
The Texas statute provides that: “If the defendant, pending an appeal in the felony case, makes his escape from custody, the jurisdiction of the Court of Criminal ’Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State’s attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; and in cases where the punishment inflicted by the jury is death or confinement in an institution operated by the Department of Corrections for life, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily surrenders within thirty days after such escape.” (Tex Code Crim Pro Ann art 44.09.)

. 18 Geo Wash L Rev 427, 428, 429.

. Ibid.

. 18 Geo Wash L Rev 427, 430.

. Allen v Georgia, supra, at p 141.

. Supra, p 141.

. Op cit.; see also, Commonwealth v Andrews, 97 Mass 543 (1867); Regina v Caudwell, 17 QB 503; Sherman v Commonwealth, 55 Va (14 Gratt) 677; Leftwich v Commonwealth, 61 Va (20 Gratt) 716; Oxford, 1850 (Untitled), 31 Me 592 (App).