■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE PANICO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rosenberger, J.), rendered January 4, 1984, convicting him of bribery in the second degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On or about February 5, 1981, the defendant made a motion to dismiss the indictment against him on the ground that his statutory and constitutional rights to a speedy trial had been violated. A hearing on this motion was calendared for March 24, 1981, at which the defendant failed to appear, and on the

next day a bench warrant was issued for his arrest. The defendant, however, could not be found, and on May 11, 1981, the court issued a decision and order in which it held that the defendant had forfeited his right to press his speedy-trial claim by failing to appear on the hearing date of his motion and by absconding. Accordingly, his motion to dismiss the indictment was denied.

The defendant was a fugitive until approximately August 1983 when he was rearrested by Federal authorities on an unrelated matter in which he had been tried and convicted in absentia. On October 12, 1983, the defendant renewed his motion for a hearing on his speedy-trial claim. On November 4, 1983, the court denied this motion, stating that it had previously determined that the defendant had forfeited his right to raise his speedy trial claim by absconding, and that there was no reason for it to change that decision.

We agree with the trial court's conclusion. A defendant who makes a speedy-trial motion, but then fails to appear on the date on which that motion is scheduled to be heard, and absconds, forfeits his speedy-trial claim (cf., People v Rodriguez, 50 NY2d 553, 557; People v Gilestrella, 127 Misc 2d 356, 359-360; People v "Hayes", 92 Misc 2d 35, 37). By absconding, he offends the very protection which the speedy-trial guarantee affords him. Moreover, there are no special circumstances in this case which might have warranted the consideration of the defendant's speedy-trial claim despite his forfeiture of it (cf., People v Smith, 44 NY2d 613, 617).

By failing to make a motion to the court of first instance to withdraw his plea, the defendant has failed to preserve for appellate review his claim that his plea allocution was inadequate because the court did not question him as to whether he was aware that he had a possible defense of coercion under Penal Law § 200.05 to the charges against him (see, People v Claudio, 64 NY2d 858, 859; People v Buchicchio, 116 AD2d 729, 730, lv denied 67 NY2d 940; People v Fairclough, 116 AD2d 586, lv denied 67 NY2d 883). In any event, the defendant's claim is without merit since the defendant admitted his guilt of the crimes charged and nothing said by him could have led the court to reasonably conclude that he had a viable defense of coercion (see, People v Fairclough, supra). The defendant's statement at best could have led the court to conclude that he might have a defense of entrapment, and the court properly asked the defendant whether he was claiming that he had been entrapped, to which defendant replied in the negative.

Further, the sentence imposed was not unduly harsh or excessive *(see, People v Kazepis,* 101 AD2d 816, 817; *People v Suitte,* 90 AD2d 80). Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.