OPINION OF THE COURT
Eugene J. Berkowitz, J.
Defendant herein, indicted for robbery in the first degree, robbery in the second degree (two counts), assault, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, has made an omnibus motion seeking various forms of relief including dismissal of the instant indictment and suppression of statements and identification.
On December 12, 1987, in the defendant’s absence, the motion was submitted to the court by his counsel and a bench warrant was executed against the defendant. Said bench warrant had been issued but stayed until December 2, 1987 on the preceding court date (Nov. 17,1987).
It is the opinion of this court that the defendant’s omnibus *462 motion should be denied in its entirety in view of the defendant’s actions in removing himself from the jurisdiction of this court. No purpose would be served by this court rendering a decision on the motion as the defendant would not be subject to any directions if the court did not rule in his favor. A fortiori, why should the defendant derive any benefit should his motion be granted if he has already shown his disrespect for the judicial process by absconding.
Although the court has not found any case specifically on point with respect to omnibus proceedings prior to trial, the action taken by this court is well founded in the law. (See, e.g., People v Gilestrella, 127 Misc 2d 356.) It has been held that there exists "a general inhospitality among appellate courts to give their attention to proceedings when a defendant has absented himself deliberately during the pendency of proceedings which the defendant himself has instituted.” (Supra, at 357; see also, Matter of Robert E., 68 NY2d 980; People v Sullivan, 28 NY2d 900; People v Del Rio, 14 NY2d 165; People v Panico, 130 AD2d 777.)
Unlike the decisions in Robert E., Sullivan and Del Rio (supra), which involved appeals after conviction, or Gilestrella (supra), which pertained to a motion to set aside a verdict of conviction after jury trial, the case at bar is still in its preliminary stages. Here, the defendant was arraigned on October 19, 1987 and the matter adjourned to November 17, 1987 for motions. The defendant has never appeared since his arraignment. It is the opinion of this court that the rationale of the above-cited cases applies equally to the case at bar. In Panico (supra) the Appellate Division, Second Department, held that the defendant, having made a speedy trial motion and then failing to appear on the date the motion was scheduled to be heard and by absconding, forfeited his speedy trial claims. Therefore, if a speedy trial claim which may be a constitutional and/or a statutory right, can be forfeited, then, clearly, the relief sought in an omnibus motion can be waived by a defendant’s absence.
Since the defendant, by his absence, is unable to " 'take any action before the court’ ” (People v Gilestrella, supra, at 358) and "is not presently available to obey the mandate of the court” (People v Martinez, 63 NY2d 727), he has waived his right to petition this court for relief.
As stated in Gilestrella (supra, at 357): "To hold otherwise would be to facilitate evasion of the justice of the State’ by *463 extending to the fugitive 'the means of reviewing [his] conviction’ notwithstanding he has chosen to remove himself from the power and control of the courts.”
Under these circumstances the defendant cannot be heard to complain that he was deprived of his due process or constitutional rights, as it was his own action and disregard for the law that brought about this result.
Accordingly, the motion is denied in all respects.