People v Uboh (2004 NY Slip Op 50766(U))

[*1]

People v Uboh

2004 NY Slip Op 50766(U)

Decided on July 14, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2004

Supreme Court, Queens County
THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff,
against
HEATHER UBOH, Defendant.
909-96

Seymour Rotker, J.
By motion dated June 7, 2004, defendant seeks an order of the court to vacate and set aside the judgment and sentence.
Defendant's specific claims are that since she is presently in federal custody and serving a prison term, the within matter must be dismissed. Defendant claims that she is in custody and the statute of limitations to prosecute her here has elapsed.[FN1]
In response, the People have filed an affirmation in opposition dated July 14, 2004, whereby they assert that defendant's motion should be denied in its entirety for the following reasons:
(1) under the doctrine of "Fugitive Disentitlement" a fugitive from justice is not entitled to call upon the state court for relief; (2) no sentence or judgment has been imposed in this matter so it is not possible to dismiss "a sentence or judgment" as requested by defendant; (3) New York's Statute of Limitations, which governs this case, has not yet expired; (4) pursuant to the Interstate Agreement on Detainers (CPL 580.20) an incarcerated individual in another jurisdiction must comply with the statutory requirements and provide written notice to the court and prosecuting office of their place of imprisonment and the final disposition of the case for which they are currently incarcerated.[FN2] The People assert that defendant has not made this request, or properly complied with the statute.[FN3]
For the reasons stated herein, defendant's motion is denied.
FACTS
[*2]
An indictment was filed on July 2, 1996 charging defendant with six counts consisting of: Forgery in the Second Degree (two counts); Criminal Possession of a Forged Instrument in the Second Degree (two counts); Grand Larceny in the Third Degree; and Criminal Possession of Stolen Property in the Fourth Degree. On May 5, 1997, during the pendency of this action, defendant failed to appear in court and bail was forfeited and a warrant ordered by the Court for her arrest. This warrant is still active.[FN4]
Defendant now argues that the within matter should be dismissed because she is serving a federal prison term and presumably argues that she has been in custody and the statute of limitations has expired to prosecute her here. Defendant fails to state how long she has been in custody, where she has been in custody, whether she waived or fought extradition or whether any procedures were instituted to secure her appearance in this jurisdiction.
Nevertheless, in their response, the People affirm that they were unaware of defendant's location since the time she warranted in the present matter. Furthermore, the People report that information provided by the United States Bureau of Prisons, indicates that defendant is incarcerated at the Federal Correctional Institution Danbury, located in Danbury, Connecticut serving consecutive terms of imprisonment on two matters. She arrived at Danbury on or about April 29, 2004.
In one case, in which she pled guilty to fraud by wire in the Eastern District of New York, she is also known by the name "Habibat Cole [FN5]." This crime was committed on June 1, 1996 and defendant was apprehended by the Federal Bureau of Investigation on April 17, 2002. On or about September 19, 2003, defendant was sentenced to 37 (thirty-seven) months imprisonment and five years supervised release. This prison term expires on or about May 13, 2005.
Additionally, on or about October 14, 1993, defendant pled guilty to making a false statement in the application and use of a passport in the Northern District of Georgia.[FN6] Although initially sentenced to 6 (six) months incarceration and 3 (three) years probation, defendant's probation was revoked on January 20, 2004 and she was sentenced to a 6 (six) months incarceration to run consecutively to her above sentence on the fraud by wire conviction. This sentence is scheduled to commence on December 19, 2004 and its expiration is April 8, 2005.[FN7]
The People maintain that defendant is not entitled to the relief sought and they are attempting to secure her presence in this jurisdiction for continued prosecution on this indictment and related matters.

DECISION
I. Defendant's Fugitive Status Prevents Her from Seeking Dismissal of the Indictment.
[*3]
A court clearly has discretion "to refuse to hear a criminal case in error, unless the convicted
party, suing out the writ, is where he can be made to respond to any judgment . . ." that may be rendered. See Ortega-Rodriguez v. United States, 507 U.S. 234, 113 S. Ct. 1199 (1993)[FN8]; Bohanan v. Nebraska, 125 U.S. 692, 8 S. Ct. 1390 (1887); see also Eisler v. United States, 338 U.S. 189, 69 S. Ct. 1453 (1949). This rule is known as the fugitive disentitlement doctrine.
This doctrine was instituted because there is no assurance that a judgment that is issued would be enforceable in the absence of the defendant. See Ortega Rodriguez, 507 U.S. at 239. Additionally, in Molinaro v. New Jersey, 396 U.S. 365, 90 S. Ct. 498 (1970), the Supreme Court explained that "[n]o persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." See Molinaro, 396 U.S. at 366.New York has long followed the above rationale. In People v. Genet, 59 N.Y. 80 (1874), the Court of Appeals held that, "no court proceeding on behalf of a person charged with [a] felony may be taken unless he be in actual custody or in constructive custody after being let to bail." See also People v. Mongen, 76 N.Y.2d 1015, 565 N.Y.S.2d 764 (1990)(appeal dismissed where defendant not present before court). An appeal by a defendant who is absent from the court's jurisdiction will not be entertained. The courts' reason that such an appeal will not be entertained because a defendant, who could potentially have a new trial ordered, would not be present to answer. See People v. Molina Del Rio, 14 N.Y.2d 165, 250 N.Y.S.2d 257 (1964); but see United States v. Ortega-Rodriguez, 13 F.3d 1474 (11th Cir. 1994).
In People v. Gilestrella, 127 Misc.2d 356, 486 N.Y.S.2d 617 (Sup. Ct. N.Y. 1985), the trial court held that the defendant, who failed to appear before a decision was made on a dismissal motion after trial, was not entitled to a decision on his motion.[FN9] The defendant was considered a fugitive from justice who had absconded during the pendency of the motion and the court held that:

when a criminal defendant flees during the pendency of a motion and prior to the conclusion of a trial, trial courts, like appellate courts, should not have to 'await * * * the pleasure and decision of the criminal to return.' It is much more becoming to the court's dignity that it should 'prescribe the conditions upon which [a fugitive defendant] should be permitted to appear' rather than allowing the fugitive defendant to dictate the terms upon which he will consent to surrender himself to the custody of the courts." Gilestrella, 127 Misc.2d 356 (quoting Allen v. Georgia, 166 U.S. 138 (1897)); see also People v. Panico, 130 A.D.2d 777, 515 N.Y.S.2d 849 (2d Dept. 1987)(defendant who absconded during pendency of CPL 30.30 motion and failed to appear on date motion scheduled to be heard forfeited claim); People v. Flannigan, 139 Misc.2d 461, 529 N.Y.S.2d 410 (Sup. Ct. N.Y. 1987)(absconding defendant not entitled to decision on omnibus motion where defendant removed himself from court's jurisdiction; defendant should not derive benefit should motion be granted if he has already shown disrespect for judicial process by absconding). Similarly here, defendant has filed a motion seeking [*4]to have the indictment upon which she was arraigned dismissed after having absconded. Defendant is not entitled to decision on this issue as a result of her failure to appear. This Court will not reward the defendant for failing to return by reaching the merits of a dismissal motion where she has disrespected the court by absconding as is consistent with the existing case law in this area.
In sum, defendant is not entitled to relief from this Court since she is absent from the jurisdiction and is not presently before this Court.
II. New York's Statute of Limitations Applies and Has Not Expired.
In any event, pursuant to Criminal Procedure Law Section 30.10 "Timeliness of prosecutions; periods of limitations," subsection 2 provides: "2. Except as otherwise provided in subdivision three: (b) A prosecution for any other felony [besides a class A felony] must be commenced within five years after the commission thereof." Here, the date of the incident was January 9, 1996 and defendant was arrested on March 1, 1996. Defendant was arraigned on the first accusatory instrument, the criminal court complaint on March 2, 1996. See CPL 1.20 (17)(action commenced by filing accusatory instrument; if more than one filed, first one is controlling). Thus, the action was timely commenced within two months of the commission of the alleged crime.
III. The Interstate Agreement on Detainers is Applicable.
Pursuant to Criminal Procedure Law Section 580.20 entitled "Agreement on Detainers," when an individual is serving a sentence of imprisonment in another jurisdiction and a pending untried indictment exists in this jurisdiction with a detainer lodged against the person, the individual must cause to be delivered "to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment." This request must also be accompanied by "a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." CPL 580.20, Art. III (a).[FN10]
Here, the prosecution represents that it was never notified by defendant or any custodial authority of her whereabouts until receipt of the instant motion on June 14, 2004. Moreover, since their acquisition of the knowledge of defendant's whereabouts, the People have begun commencement of proceedings to secure her appearance here. Thus, defendant has not met her obligation under the agreement regarding notification. Dismissal is not warranted.
This Court has reviewed defendant's claims and finds them to be without merit.
Accordingly, defendant's motion is denied in its entirety.
Kew Gardens, New York
Dated: July 14, 2004 
SEYMOUR ROTKER
JUSTICE SUPREME COURT
Footnotes

Footnote 1:Defendant incorrectly asserts that a judgment and sentence has been entered here. Defendant warranted after she was arraigned on the indictment and no final disposition has been reached.

Footnote 2:Additionally, defendant's request for a final disposition shall be accompanied by a certificate of the appropriate official having custody of the individual which states the commitment term, the time already served, the time still to be served, the amount of good time earned, the date of parole eligibility and any decisions of the state parole agency relating to the prisoner. CPL 580.20.

Footnote 3:In their response, and pursuant to CPL 580.20, the District Attorney's Office represents that it has already commenced steps to secure defendant's presence in this jurisdiction for continued prosecution under Indictment 909-96, and related matters.

Footnote 4:The court ordered arrest warrant is issued in the name of "Heather Uboh," the name defendant utilized in this case. Her criminal history sheet reveals that she was also known as Luann Winters. Moreover, there are two different dates of birth and two different social security numbers on this NYSID sheet. Furthermore, at the time of her initial arraignment on the criminal court complaint, defendant had unverified community ties and was also known as Heather Luann Ikpemeze according to the interview conducted by the Criminal Justice Agency.

Footnote 5:Upon a review of the criminal history sheet (NYSID) in this Court's file, defendant was not known by this name at the time of this pending Queens County indictment.

Footnote 6:Defendant was also known as Nwaobi Agboamara Igweh at that time and the incident occurred on July 29, 1993. This alias does not appear on the criminal history sheet (NYSID) contained in this Court's file.

Footnote 7:Defendant's post indictment case history has been provided by the prosecution in their motion response.

Footnote 8:Ortiz-Rodriguez, was remanded from the Supreme Court to the Eleventh Circuit for further consideration. See United States v. Ortega-Rodriguez, 13 F.3d 1474 (11th Cir. 1994). On remand, the Circuit Court held that the former fugitive status of the defendant did not unduly prejudice the government; or significantly interfere with the appellate process. Therefore, the government's motion to dismiss the appeal and reverse the conviction was denied. In this decision the two-prong test as to whether a former fugitive has lost his or her right to appeal was instituted. See also United States v. Awadalla, 357 F.3d 243 (2d Cir. 2004). 

Footnote 9:Defendant had been released on bail. Defendant's motion sought dismissal by asserting that the People had failed to make out a prima facie case.

Footnote 10:The United States of America is a party to this agreement. CPL 580.20(a).