OPINION OF THE COURT
Harold H. Hymes, J.
The defendant is charged with driving while intoxicated, in violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law.
It was alleged by the defendant that at the time of his detention at 8:40 P.M., he asked that he be allowed to contact his attorney. He was allowed this right, and his attorney appeared at the police station at 10:00 P.M.
After the attorney’s appearance, the breathalyzer test was given to the defendant. The defendant’s attorney asked that he be permitted to observe the breathalyzer procedure, and he was denied the right to be there. The defendant has moved to suppress the alcoholic influence report form containing any statements made by the defendant after he stated that he wanted an attorney. He also moves to suppress the breathalyzer test, which showed an alcoholic content of 0.17 of 1% in the defendant’s blood, because of the refusal to allow his attorney to be present at the time it was given.
*316 As to the alcoholic influence report form, nothing appears on it as a result of questioning the defendant, except his name, address, license number, etc., which the police had a right to obtain from him in their investigation of the charge. The defendant refused to answer any questions. There were no performance tests given, except that it was observed that the defendant waddled and that in walking, he swayed. These were observations made by the police and were not the result of any questioning of the defendant. The motion to suppress the alcoholic influence report form is therefore denied.
As to the right of the defendant to have his attorney present at the time of the breathalyzer test procedure, the court finds no authority to give him this right. Defendant has the right to consult with his attorney before taking the test. (Matter of Leopold v Tofany, 68 Misc 2d 3, affd 38 AD2d 550.) The defendant has the right to have a “physician of his own choosing” administer a chemical test in addition to the one administered at the direction of the peace officer (Vehicle and Traffic Law, § 1194, subd [8]) but there is no requirement that his attorney be allowed to be present at the time the test is administered. Motion to suppress the alcoholic influence report form and results of the breathalyzer is denied.