OPINION OF THE COURT
Frederic T. Henry, Jr., J.
Defendant appeals a judgment of the Town of Phelps Justice Court convicting him of violating Vehicle and Traffic Law § 1120 (a) (failure to keep right) and § 1192 (3) (driving while intoxicated). Defendant further appeals the decision of the same court denying after hearing the suppression of the results of a breathalyzer test. The principal point advanced by defendant is that prior to taking the test he was denied the right to speak privately with counsel.
It has been held that a defendant arrested for driving while intoxicated must be afforded the opportunity to consult with counsel concerning submission to a chemical examination so long as such conferring will not improperly delay the timely administration of the examination. (People v Gursey, 22 NY2d 224; Matter of Leopold v Tofany, 68 Misc. 2d 3, affd 38 AD2d 550; People v O’Neill, 105 Misc 2d 315; People v Sweeney, 55 Misc 2d 793.) In the subject case defendant asked to talk by phone with his attorney, Joseph Caito, prior to submitting to a breath test and this request was granted. When the phone conversation occurred arresting Officer Verkey testified the defendant was seated about 6 feet from him and about 10 feet from Trooper Padilla. Concerning his phone conversation with *16 Attorney Caito the defendant testified at the suppression hearing as follows:
"Q. Do you recall the substance of your words to Trooper Padilla?
"A. Mr. Caito had told me just to ask them if they could move so I could speak in private with the attorney.
"Q. And what was their response or any response to that comment?
"A. Trooper Padilla said nothing, Trooper Verkey responded, No.”
Defendant further testified at the suppression hearing as follows:
"A. Yes. Mr. Caito advise me — he told me, I can’t advise you. I will see you tomorrow and he hung up.
"Q. Did he indicate to you why he would not advise you?
"A. Because they were listening.
"Q. Did he say that?
"A. Yes.”
Attorney Joseph Caito testified at the suppression hearing that Trooper Verkey refused his request to talk in private with his client and he responded "I am not going to advise you when the trooper is in the room and I could hear the trooper was in the same room there at Newark. By the way, I said, do what you want to do but I’m not going to advise you”.
Trooper Verkey testified at the suppression hearing that he had no recollection of being asked to leave the room and that if such a request had been made he-would have recalled it. He stated that during part of the time when the defendant was talking with his attorney he was out of the room putting defendant’s driver’s license through the motor vehicle computer. At the trial Trooper Verkey gave similar testimony to the effect that he had no recollection of having been requested by defendant to allow him privacy with his attorney. He further testified as follows:
"Q. But you recall specifically that Mr. Iannopollo never asked you to give him some privacy while he consulted with his attorney?
"A. Yes.”
At the trial Trooper Padilla, who was with Trooper Verkey at the time the arrest was made and accompanied the defendant to the police station also, testified. Concerning the request for an attorney, Trooper Padilla testified as follows:
*17 "Q. Do you recall Mr. Iannopollo requesting that you allow him some privacy to speak to his attorney?
"A. Yes sir, I do recall him asking.
"Q. You recall — do you recall what the response was to that request?
"A. I don’t remember what my response was, no sir.
"Q. Do you recall Mr. Iannopollo requesting that you leave him alone or requesting that you give him privacy?
"A. I seem to recall him asking if he could speak to his lawyer, you know, in private.
"Q. But neither of you took any action to that request?
"A. I know I didn’t take any action.”
Trooper Padilla did not testify at the suppression hearing and the Town Justice noting conflicting testimony of the witnesses at the hearing could have properly accepted the testimony of Trooper Verkey to the effect that the defendant never requested a private phone conversation with his attorney. Giving consideration to the trial testimony of Trooper Padilla in addition to that of attorney Caito and the defendant, a determination that defendant did not request privacy would be against the weight of credible evidence. Concurrent with the right to counsel is the right to effective counsel as was stated in People v Macerola (47 NY2d 257, 262): "It is indisputable that one accused of committing a crime is entitled to the effective assistance of counsel. Such right is guaranteed by both the Federal and State Constitutions, and by State statute (US Const 6th Amdt; NY Const, art I, § 6; CPL 210.15, subd 2), and courts must remain ever vigilant in their duty to ensure that a defendant receives effective legal representation.” My research and that of counsel in this case has revealed very few cases on the issue of whether effective legal representation includes the right to consult privately with an attorney as that right appears to be a generally accepted principle absent justification for restrictions. The right to private consultation was indirectly recognized in People v Harris (57 NY2d 335, 342-343) where the Court of Appeals noted, "Thus, we are not presented with a situation in which the police have failed to respect a defendant’s right to consult privately with an attorney.” This right was further recited by the State of Washington Supreme Court in State v Cory (62 Wn 2d 371, 373-374, 382 P2d 1019, 1020) wherein the court stated: "While our research and that of diligent counsel and amicus curiae have not disclosed a Washington case which *18 speaks of the right of a defendant to confer with his counsel in private, it is universally accepted that effective representation cannot be had without such privacy.” (See also, 21A Am Jur 2d, Criminal Law, § 738; Ann., 5 ALR3d 1360.)
Concerning methods and procedures regarding breathalyzer tests, 10 NYCRR 59.5 (b) provides that there must be continuous observation of a subject maintained for at least 15 minutes prior to collection of the breath specimen. This requirement could well limit the privacy of a conference if the area where the conference was taking place did not afford observation by the police outside hearing range of the defendant. There was no testimony in the subject case that the conditions at the State Police substation where the telephone conference took place should prevent a private conversation because of the above-mentioned observation requirements. The People have therefore put forth no basis for denial of the requested private conversation.
The argument could be made that an attorney could adequately advise his client concerning the implications of a breath test without asking the client to expose the extent of his intoxication or other incriminating statements. Acceptance of such an argument would give rise to court speculation as to the extent of prejudice which the United States Supreme Court in Glasser v United States (315 US 60, 76) has held to be improper, stating: "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.” I would therefore conclude that in this case the police deprived the defendant of effective legal counsel by denying him without justification the right to conduct a private phone conversation with his attorney concerning a breathalyzer test and therefore the results of this test should be suppressed.
The testimony offered by the parties in this case was conflicting. The defendant and his witnesses testified that when arrested he was returning to his home from an evening political dinner where he had consumed three beers. Both of the police officers testified that in their opinion defendant was intoxicated. Trooper Padilla testified that no type of sobriety tests were given the defendant at the scene of his arrest because he was convinced that the defendant was drunk. In view of this opposing testimony, it cannot be said that the results of the breathalyzer test were not a factor in the court’s finding of guilt. (People v Gower, 42 NY2d 117.)
*19 Accordingly, the judgment of the Town of Phelps Justice Court convicting the defendant of violating Vehicle and Traffic Law § 1192 (3) is reversed; the results of the breathalyzer test are suppressed and the matter is remitted for a new trial. The judgment of conviction for violation of Vehicle and Traffic Law § 1120 (a) is affirmed.