**Brian Scott STURGEON, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. CX–83–1641.**

Court of Appeals of Minnesota.

July 3, 1984.

Thomas W. Wexler, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey Bilcik, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Petitioner-appellant Brian S. Sturgeon appeals from a judgment of Hennepin County Municipal Court revoking his driver's license. Appellant contends he was denied his right to counsel because his attorney was not allowed to be present during the administration of the breathalyzer test. We affirm.

## FACTS

Edina Police Officer Michael Siitari arrested appellant after he failed a portable breathalyzer breath test. Probable cause for this arrest is not contested. Siitari brought appellant to the Edina Police Station for a DWI test and read him the *Miranda* and Implied Consent Advisory.

Appellant called his attorney who advised him to take the test. Officer Siitari tried to administer the breath test, but discovered that the machine was not working. In the meantime appellant's attorney arrived at the station and spoke to his client for about five minutes before Officer Siitari informed them that he would be taking appellant to the St. Louis Park Police Station for testing because the Edina equipment was inoperable. Appellant's attorney followed them in his own car.

Upon arriving at the St. Louis Park station Officer Siitari brought appellant into the breath testing room. Before the test was administered Officer Siitari was informed that appellant's attorney was in the lobby and wanted to be present for the testing. Officer Siitari denied this request, saying he felt the attorney would be a disruptive influence and that there was a jail policy prohibiting attorneys in the testing room during the administration of the breath tests.

The test was administered according to the Bureau of Criminal Apprehension 21-point check list. Appellant's reading was .14.

## ISSUE

Does a defendant arrested for DWI have the right to have his attorney present during the administration of the breathalyzer test?

## ANALYSIS

This case presents a narrow issue of first impression to Minnesota courts. Minn. Stat. § 169.123, subd. 2(b)(3) (1983), provides:

At any time a chemical test specimen is requested, the person shall be informed: * * * that the person has a *right to consult with an attorney* but that *right is limited* to the extent that it cannot unreasonably delay administration of the test or the person will be deemed to have refused the test. (emphasis added).

In *Prideaux v. State, Department of Public Safety*, 310 Minn. 405, 247 N.W.2d 385 (1976), the court held the driver had a limited statutory right to counsel in deciding whether to submit to testing. The court explicitly refused to rule on constitutional grounds.

Here, appellant appeals on constitutional as well as statutory grounds. However, in light of *Prideaux*, this case can be disposed of on statutory grounds. In explaining the nature of the limited statutory right to counsel the court said:

The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel. If counsel cannot be contacted within a reasonable time, the person may

be required to make a decision regarding testing in the absence of counsel.

*Id.* 247 N.W.2d at 394.

*State, Department of Public Safety v. Kneisl,* 312 Minn. 281, 251 N.W.2d 645 (1977), carved out the only definite exception to this telephone/vindication general rule. *Kneisl* held if an attorney arrives at the station during processing but before testing, that attorney must be allowed a private interview with the client, even if a phone call has been permitted. "Under these circumstances, it would be a sham to permit the telephone call and then deny the arrested person an opportunity to consult with his attorney at the jail." *Id.* 251 N.W.2d at 648.

Like the attorney in *Kneisl,* appellant's attorney arrived at the station before the testing procedure began. However, unlike, the driver in *Kneisl,* appellant did not ask for a private consultation with his attorney. Rather he asked that his attorney be present during the test administration. Plaintiff had already been allowed to use a phone, as required by *Prideaux,* and allowed a private conversation with his attorney, as required by *Kneisl.*

We see no reason why the *Kneisl* exception to *Prideaux* should be expanded. Breathalyzer test results are available immediately. If there is any reason to doubt the integrity of those results, a person has the opportunity under Minn.Stat. 169.123, Subd. 2(b)(4) (1982), to have any kind of additional tests made by a person of his own choosing. Counsel may be present during these independent tests.

This narrow issue has been addressed in New York where the court held a driver has a right to consult with counsel before taking the test, but that person has no right to have counsel present during the test itself, even though counsel was already present at the station before the test was administered and no delay would result. *People v. O'Neill,* 105 Misc.2d 315, 432 N.Y.S.2d 75 (City Ct.1980).

Appellant alleges that another police officer was permitted in the testing room during the administration of the test. Appellant alleges he was harassed by this officer. If appellant has a legitimate complaint against the officer for his conduct he should file a complaint through the usual grievance procedures with police administration.

We find that the police officer's alleged conduct did not and could not effect the validity of the breath test.

### DECISION

We affirm.