OPINION OF THE COURT
John L. Murad, J.
The People appeal from a decision and order of the Village Court of New York Mills granting defendant’s motion to suppress results of a breathalyzer test. On October 1, 1982, defendant was arrested for driving under the influence of alcohol. At the scene of the arrest, defendant was requested to submit to a chemical test for alcohol or a breathalyzer test. Defendant was further advised by the arresting officer that his refusal to submit to a chemical test would result in immediate suspension or revocation of his operating privileges, whether or not he was found guilty of the charges for which he was *863 arrested. Defendant was further advised that his refusal to submit to a chemical test can be introduced into evidence against him in trial proceedings or hearings resulting from his arrest. Defendant stated that he did not want to take the test. Defendant was then taken to the New York Mills police station, where he was again advised as to the effect of a refusal to submit to a chemical test. At this time defendant agreed to undergo a breathalyzer test. Defendant was then taken to the New York State Police barracks in New Hartford, where a breathalyzer test was administered.
Defendant was not advised of any Miranda rights (Miranda v Arizona, 384 US 436), nor was he advised that he could consult with an attorney before taking the test. At no time did he request that he be allowed to call or to consult with an attorney.
The only real issue here is whether the point in time when a driver is asked to submit to a breathalyzer test is or is not a "critical stage” of the proceedings, such that the absolute right to counsel inalienably attaches at that point in time.
Defendant’s contention is that this is a constitutionally "critical stage” of the adversarial proceedings, and the court below found that it was. Defendant contends, and the court below agreed, that good or bad effects of refusing to undergo a test could only be assessed in the presence of an attorney, particularly when only the detriments of refusal were explained by the officer, citing the inability of the defendant on his own to realize the advantages of a lawyer’s assistance.
Is this decision-making process a "critical stage” of the adversarial proceedings such that the defendant’s US Constitution 6th Amendment right to counsel should attach at that time? This court thinks not.
Defendant has a statutory but not a constitutional right to refuse to submit to the test. (People v Thomas, 46 NY2d 100, 109.)
Defendant does not have an indelible right to counsel when choosing to submit to a breathalyzer test or forfeit his license. (People v Gursey, 22 NY2d 224, 229 [1968].) Failure to advise a defendant of Miranda warnings before submission to a blood test does not warrant the suppression of such test results. (People v Craft, 28 NY2d 274 [1971].) This case should not be treated differently.
The Legislature, if it so elected, could eliminate even the statutory right here. Since no constitutional right was in *864 volved, there was no requirement that the defendant be given Miranda warnings.
The order suppressing the use of the test at trial is reversed. The case is remanded to the Village Court for further proceedings not inconsistent with this decision.