OPINION OF THE COURT
Memorandum.
The order of the County Court should be affirmed.
The defendant, arrested for driving while intoxicated, consented to taking a breathalyzer test. Prior to trial he moved to suppress the test results claiming that his Sixth Amendment rights were violated because he was not advised of his right to counsel when requested to take the test.
The trial court granted the defendant’s motion and suppressed the results of the test (127 Misc 2d 530). On appeal by the People, the County Court reversed (133 Misc 2d 862). The defendant has appealed claiming that he was entitled to be informed of his right to counsel at the time he was asked to take the test because this constituted a "critical stage” in the proceedings under the Sixth Amendment. He notes that the statute only requires the police to inform the defendant of his right to refuse and the adverse consequences of doing so and urges that an attorney is necessary to advise him of the adverse consequences of consent so that he may make a fully informed choice.
The defendant has no constitutional right to refuse to consent to such a search (Schmerber v California, 384 US 757). The right is entirely statutory and, by its terms, may be waived without an attorney’s assistance (Vehicle and Traffic Law § 1194 [2]). The Sixth Amendment does not require that the defendant be afforded counsel at this stage in the proceedings. Although the defendant was called upon to waive a statutory right, it was not a critical stage in the proceedings within the meaning of the Sixth Amendment because no judicial proceedings had been initiated against the defendant at that time (Kirby v Illinois, 406 US 682; People v Claudio, 59 NY2d 556). The defendant’s suggestion that he should be afforded the same rights as a person placed in a police lineup (United States v Wade, 388 US 218) is unavailing because the same rule applies to such proceedings; the right to counsel does not attach at a lineup prior to judicial intervention (Kirby v Illinois, supra; cf., People v Coleman, 43 NY2d 222).
Finally, we note that in this State, a defendant who has been arrested for driving while intoxicated, but not yet formally charged in court, generally has the right to consult with *1034 a lawyer before deciding whether to consent to a sobriety test, if he requests assistance of counsel (People v Gursey, 22 NY2d 224). But when, as here, an attorney’s assistance has not been requested, the fact that the defendant has made an uncounseled waiver of the statutory right to refuse the test, provides no basis for suppressing the results.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.