OPINION OF THE COURT
Daniel Palmieri, J.
This is defendant’s motion to suppress certain statements made by defendant to law enforcement officers and to dismiss the charge of violating Vehicle and Traffic Law § 319 (driving with no insurance). The statements sought to be suppressed were made while defendant was being videotaped and while under arrest and in custody on a charge of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). The responses were also noted on various police department arrest forms.
The grounds for suppression are defendant’s contention that he was subjected to custodial interrogation and that he did not waive, but rather requested the right to counsel.
Defendant does not make any allegation with respect to nor does defendant request either implicitly or explicitly, suppression of any statement made, prior to the arrest, hence this decision does not address any prearrest statements.
The facts are not in dispute and the transcript of the videotape which is quoted by both sides (without objection) discloses that while defendant was being asked to consent to a breath test, he stated he wanted to talk to his lawyer. He was *341 also asked if he was driving, drinking, and how much he had to drink.
The People submit that this motion should be dismissed as untimely (CPL 255.20), and in the alternative, that any questioning was noninterrogative and that defendant does not have the right to counsel in connection with administration of chemical and physical performance tests.
The primary legal issue is whether questioning of a defendant in connection with the administration of alcohol performance and chemical tests must cease if the defendant requests an attorney and whether his responses and evidence of his refusal to take a test should be suppressed.
For the reasons set forth below, this court finds that defendant’s right to counsel was violated and that any evidence or statements obtained subsequent to the invocation of his right to counsel must be suppressed.
Although this motion has been made more than 45 days after arraignment, the court finds that there is good reason for the delay, it is in the interests of justice, and good cause exists to entertain this motion on the merits (CPL 255.20 [3]). Specifically, defendant previously moved well within the mandated time period but the motion was denied, without prejudice, on procedural grounds by a different Judge of this court. This motion was made within a short time after the procedural denial of the prior motion. Thus, it can be said that while that motion was pending, defendant’s time to make the motion was tolled (cf., People v Lawrence, 64 NY2d 200 [1984]; People v Coleman, 114 Misc 2d 685 [Sup Ct 1982]) and exclusion of such time period provides a ready explanation for the delay. Moreover, the court finds it in the interests of justice to decide this case on the merits.
Evidence of a defendant’s refusal to submit to a breath test may, as part of the People’s direct case, be offered at trial, pursuant to Vehicle and Traffic Law § 1194 (2) (f) (People v Thomas, 46 NY2d 100 [1978]; People v Boone, 71 AD2d 859 [2d Dept 1979]). A defendant has no constitutional right to refuse to submit to a chemical test and his express consent is not required by the statute. (People v Shaw, 72 NY2d 1032 [1988]; People v Kates, 53 NY2d 591 [1981].)
The defendant concedes that he refused to take a breath test and ordinarily, upon a showing of compliance with the statutory requisites, the fact of such refusal may be offered as evidence. (People v Delia, 105 Misc 2d 483 [County Ct 1980].)
*342 It is also well established that it is not necessary to advise a defendant as to his constitutional rights under Miranda v Arizona (384 US 436 [1966]) prior to the administration of performance or chemical tests, that colloquy surrounding these tests may be admitted unless it gives rise to custodial interrogation, that the tests themselves do not violate the privilege against self-incrimination since the results are not deemed to be evidence of a testimonial or communicative nature (People v Jacquin, 71 NY2d 825 [1988]; People v Hager, 69 NY2d 141 [1987]), and that the request to take a breath test is not such a critical stage of the proceedings so as to require that the defendant be afforded counsel. (People v Shaw, supra.)
What distinguishes this case from the foregoing is that here the defendant made a specific request to speak to his lawyer, and that once having invoked his right to counsel, all interrogation should have ceased.
Except for a clearly spontaneous statement once the right to counsel is invoked, no further questioning may take place without an affirmative waiver (People v Harris, 57 NY2d 335, 342 [1982], cert denied 460 US 1047 [1983]), and any statements thereafter made, must be suppressed. (People v Tyler, 99 AD2d 537 [2d Dept 1984].) A spontaneous statement is one which is not the result of provocation, inducement, encouragement, interrogation or their functional equivalent. (People v Carmine A., 53 NY2d 816 [1981]; People v Lucas, 53 NY2d 678 [1981].)
Here, the defendant’s statements at the police station were not spontaneous, were the result of interrogation by the police and, thus the invocation of the right to counsel brings into play all of the guarantees implicit in such right (People v Esquillin, 143 AD2d 766 [2d Dept 1988]).
It is arguable that under People v Shaw (supra), the nontestimonial nature of defendant’s conduct, as opposed to his thought processes, may be admitted. The nontestimonial conduct would be the fact of the refusal to take the breath test (as opposed to the words employed for such purpose) and the video portion of the tape which would show defendant’s physical movements.
The United States Supreme Court has recently addressed a similar issue in Pennsylvania v Muniz (496 US —, 110 S Ct 2638 [1990]), in dealing with whether and to what extent a defendant must be given warnings under Miranda, in connec *343 tian with administration of breath and performance tests. There, the defendant had not invoked any right to counsel and certain responses, both testimonial and nontestimonial, were sought to be suppressed. The court held that certain answers may be admissible as dealing with " 'routine booking question^]’ ” (supra, 496 US, at —, 110 S Ct, at 2650), and certain questions dealing with test administration do not constitute interrogation because they "were not likely to be perceived as calling for any verbal response” (supra, 496 US, at —, 110 S Ct, at 2651). However, a statement calling for defendant to give the date of his sixth birthday did call for a testimonial response.
It would seem that under Muniz (supra), the fact that this defendant refused to consent to the breath test, may be distinguished from the content of how he effected that refusal (supra, 496 US, at —, —, 110 S Ct, at 2645-2646, 2652), however, Muniz did not deal with a specific request for counsel and where a defendant has requested the right to consult with an attorney before submitting to a breath test and is denied such an opportunity without justification, the resulting test results must be suppressed. (People v Shaw, 72 NY2d 1032, supra; People v Gursey, 22 NY2d 224 [1968].) It has recently been held that a defendant, who has been arrested for driving while intoxicated but not formally charged, has a right to consult with a lawyer before deciding whether to consent to a sobriety test if he requests counsel and there is no danger (presumably to the test results) of delay. (People v O’Rama, 162 AD2d 727.)
In this case the transcript shows that after defendant requested the right to speak to an attorney, the police continued the questioning and there is no allegation in the People’s motion papers that defendant was afforded the right to speak to an attorney or that the time limit for administration of the test was expiring. In short, there was no effort to comply even minimally with defendant’s request for counsel and almost immediately following such request, defendant was queried as to how many beers he had consumed. The fact of the refusal to take the test was inextricably intertwined with defendant’s demand for an attorney and his refusal to submit to a breath test must be suppressed because of the denial of such request and also because the warnings and request to take the test were part of the same interrogative environment as the questions dealing with his drinking and driving. Moreover, it cannot be said that defendant was given sufficient warning in *344 clear and unequivocal language of the consequences of such refusal, especially when the defendant was continuing to request an attorney.
Since there is no dispute as to the facts and both parties have, without objection, quoted from the tape, a hearing is not necessary for the determination of this motion. (CPL 710.60 [2] [a]; cf., People v Letts, 156 AD2d 868 [3d Dept 1989].)
Accordingly, all of the statements made by defendant after he invoked his right to consult an attorney are suppressed and evidence of defendant’s refusal to consent to the breath test may not be made known to the jury. The audio portion of the videotape is suppressed. However, since defendant’s movements are not considered to be testimonial, the video portion of the tape shall not be suppressed. Defendant’s motion to dismiss the insurance violation charge is denied as defendant’s arguments go to the weight and quality of the evidence rather than the legal issues concerning dismissal. Defendant’s motion is, in all other respects, denied.