OPINION OF THE COURT
W. Patrick Falvey, J.
*824 The defendant appeals his conviction after pleading guilty in the Village of Penn Yan Justice Court to operating a motor vehicle while in an intoxicated condition (DWI) in violation of Vehicle and Traffic Law § 1192 (3).
Defendant bases his appeal solely on the issue of whether or not the lower court ruled correctly on his motion to suppress the blood test results. Defendant argues that the court erred in denying the defendant’s motion, because his right to counsel was violated by the officers at the time the blood test was taken.
The defendant’s vehicle was stopped by the village police on October 26, 2001. He was then placed under arrest at 11:06 p.m. for DWI and taken to the police station.
While at the station the defendant was given his DWI warnings and asked if he would submit to a blood test. Before answering, Mr. Youngs asked to speak to his attorney, Mr. LaDuca. The officers obtained Mr. LaDuca’s phone number from the defendant’s wife and placed a call to him at 11:34 p.m. The phone was then given to the defendant. At that time the defendant asked the officers to allow him to speak to his attorney in another room, but the officers refused.
The defendant did not ask his lawyer whether he should take the breath or chemical test. He stated that his attorney did not want him to say anything to him. After the call was completed, the defendant submitted to the blood test.
Defendant argues that he was denied effective assistance of counsel prior to submitting to the blood test. He argues that a person who has been arrested for driving while intoxicated and has requested assistance of counsel has the right to consult with an attorney before deciding whether to consent to a sobriety test, citing People v Shaw (72 NY2d 1032, 1033-1034 [1988]; People v Gursey, 22 NY2d 224 [1968]).
Defendant states that there was a place at the Penn Yan police station where defendant could have had a private telephone conversation and still be observed by the police at the same time.
The People respond by saying that this “place” was an investigator’s office which had a small window providing only a partial view. The defendant was not allowed in this office alone because confidential files are located therein as well as a computer and sensitive equipment, which an intoxicated person might damage. There are also chairs, desks, etc., which an intoxicated person might use as a weapon.
The People argue that the defendant was granted his qualified right to speak to his attorney before deciding whether to *825 submit to the chemical test under the facts herein. They argue that there is no constitutional Sixth Amendment right to counsel at this stage of the proceedings. (People v Shaw, 72 NY2d 1032 [1988].) The court notes that the defendant relies on the rationale of People v Iannopollo (131 Misc 2d 15 [1983]). However, that case was decided before Shaw (supra) which makes Iannopollo invalid regarding the case at bar.
The People further assert that the holding in People v Gursey (22 NY2d 224) requires the court to determine if defendant’s request to consult with his lawyer would have substantially interfered with their procedure. Here, since defendant was in custody, police procedures required that he remain under the control of an officer at all times. Thus, the officers could not leave the defendant alone to speak to his attorney by phone.
In reply, defendant argues that the defendant is entitled to a confidential, meaningful and effective communication with his attorney, and People v Iannopollo (131 Misc 2d 15 [1983]) is instructive on this issue, even though the right to counsel is statutory and not constitutional.
Clearly, People v Shaw (72 NY2d 1032, 1033 [1988]) limited People v Iannopollo (supra) when the Court ruled: “The Sixth Amendment does not require that the defendant be afforded counsel at this stage in the proceedings.”
Furthermore, although a defendant, in deciding whether to consent to a chemical test, has the right to access an attorney, the Court of Appeals in People v Gursey (22 NY2d 224 [1968]) sets forth a limitation of such right to, “if such access does not interfere unduly with the matter at hand.” (Id. at 227.)
Here, and as distinguished from Iannopollo (supra), the People provided proof at the Huntley hearing (People v Huntley, 15 NY2d 72 [1965]) as to why the defendant was not allowed a private conversation with his attorney. The defendant was in custody, and there was no cell or other appropriate holding area at the police station where the defendant could be allowed to speak to his attorney in private while at the same time being adequately subjected to such custody.
Thus, the court concludes that private access to the defendant’s attorney would have unduly interfered with the matter at hand.
Therefore, the lower court properly denied the defendant’s motion to suppress the results of the chemical test.
The judgment of conviction is affirmed.