THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BROWN, Appellant. [765 NYS2d 562] —Appeal from a judgment of Monroe County Court (Maloy, J.), entered May 3, 1996, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of murder in the second degree (Penal Law § 125.25 [1]). We reject the contention of defendant that County Court erred in denying his motion to set aside the verdict pursuant to CPL 330.30 on the ground that the court's striking of certain testimony and curative instructions were insufficient to correct the error arising from the admission of that testimony. Under subdivision (1) of section 330.30, a court may set aside a verdict on "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court." Following the corrective action taken by the court here, defendant neither objected further nor requested a mistrial. Defendant's contention, therefore, is "not an issue of law that could be properly adjudicated in a CPL 330.30 motion" (*People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *see People v Laraby*, 92 NY2d 932, 933 [1998]). In any event, "[u]nder these circumstances, the curative instructions must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]).

Defendant further contends that his mother effectively invoked his right to counsel and thus the court erred in denying his motion seeking suppression of his statements to police. We disagree. It is well settled that "the right to counsel is personal" to the accused (*People v Bing*, 76 NY2d 331, 350 [1990]) and thus cannot be invoked by a third party on behalf of an adult defendant (*see People v Grice*, 100 NY2d 318, 324 n 2 [2003]). Therefore, the court properly denied defendant's suppression motion.

The contentions of defendant contained in his pro se

supplemental brief are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Wisner, J.P., Hurlbutt, Kehoe and Lawton, JJ.