■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY LUCIFERO, Respondent. [45 NYS3d 166]—

Appeal by the People (1) from an order of the Supreme Court, Nassau County (Delligatti, J.), dated October 23, 2015, which, after a hearing, granted suppression of the results of a blood alcohol test and all physical evidence obtained, and statements made to law enforcement officials, after the blood alcohol test was performed, and (2), as limited by their brief, from so much

of an order of the same court dated March 22, 2016, as, upon reargument, adhered to the determination in the order dated October 23, 2015.

Ordered that the appeal from the order dated October 23, 2015, is dismissed, as that order was superseded by the order dated March 22, 2016, made upon reargument; and it is further,

Ordered that the order dated March 22, 2016, is reversed insofar as appealed from, on the law, upon reargument, the order dated October 23, 2015, is vacated, suppression of the results of a blood alcohol test and all physical evidence obtained, and statements made to law enforcement officials, after the blood alcohol test was performed, is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

On August 26, 2013, at a late-night party in the defendant's backyard in North Massapequa, the defendant allegedly got into a fight with a friend. The friend got into his car and drove away. The defendant got into a car, chased his friend, and allegedly rammed his car into the back of his friend's car. The police arrived, arrested the defendant, and took him to the hospital. They asked the defendant to submit to a blood alcohol test, and the defendant agreed. A short time after the test was administered, the defendant was given his *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), and he made an inculpatory statement.

The defendant was charged with several crimes arising from the incident, including alcohol-related crimes under the Penal Law and the Vehicle and Traffic Law. He moved to suppress various evidence, including the result of the blood alcohol test and the statement he made to the police after he took the test. At a suppression hearing, a police officer testified that he became aware, after the defendant consented to take the test but before the test was administered, of the name and telephone number of an attorney for the defendant. The officer did not remember where he got this information. No other evidence was presented as to this issue.

The Supreme Court granted the defendant's motion to suppress the results of the blood alcohol test and all subsequently obtained evidence on the ground that the police violated the defendant's limited right, first recognized in *People v Gursey* (22 NY2d 224 [1968]), to consult with counsel about whether to take the blood alcohol test. Upon reargument, the court adhered to its original determination. The People appeal.

At the suppression hearing, the People had the burden of

going forward to establish the reasonableness of the police conduct, and the defendant ultimately had the burden of proving, by a preponderance of the evidence, that the police conduct was illegal (*see People v Rosa*, 65 NY2d 380, 387 [1985]; *People v Jackson*, 141 AD3d 1095, 1096 [2016]; *People v Hilts*, 19 AD3d 1178, 1179 [2005]; *People v Lyons*, 4 AD3d 549, 551 [2004]; *People v Henriquez*, 214 AD2d 485, 485-486 [1995]).

Vehicle and Traffic Law § 1194 (2) (a) provides that "[a]ny person who operates a motor vehicle in this state shall be deemed to have given consent" to a "breath, blood, urine, or saliva" test to determine the alcoholic content of their blood within certain time limits after being arrested for certain crimes (*see* Vehicle and Traffic Law § 1194 [2]). Although all drivers are "deemed" to have consented to a blood alcohol test, some drivers refuse to actually take a test. In recognition of this fact, the law provides for what happens when drivers refuse to take a blood alcohol test. Among the consequences are the automatic revocation of the person's driver license (*see* Vehicle and Traffic Law § 1194 [2] [c], [d]), and the admissibility at trial of evidence that the driver refused to take the test (*see* Vehicle and Traffic Law § 1194 [2] [f]; *see People v Smith*, 18 NY3d 544, 549 [2012]; *People v Shaw*, 72 NY2d 1032, 1033 [1988]). The only proviso is that these consequences may be imposed only if the driver has been sufficiently warned of them in advance of the refusal (*see People v Smith*, 18 NY3d at 549-550). Some cases refer to this scenario as a "qualified right" to refuse to take a test voluntarily (*see People v Smith*, 18 NY3d at 549), or as an "option to refuse to take the . . . test" (*People v Gursey*, 22 NY2d at 228).

When deciding whether to refuse to take the test, a defendant may wish to consult with counsel. In *People v Gursey* (22 NY2d 224 [1968]), the Court of Appeals held in this context that the police "may not, without justification, prevent access between the criminal accused and his lawyer, available in person or by immediate telephone communication, if such access does not interfere unduly with the matter at hand" (*id.* at 227; *see People v Washington*, 23 NY3d 228, 230 [2014]). The police have no duty to warn a defendant of this limited right before asking the defendant to submit to a blood alcohol test (*see People v Shaw*, 72 NY2d at 1033-1034). Violation of the limited right to consult with counsel will result in suppression of the test results (*see People v Washington*, 23 NY3d at 232).

In *Washington*, the Court of Appeals expanded the *Gursey* right when it held that the right may be triggered by counsel, even when the defendant has not requested to consult with

counsel. Specifically, the Court held that when an attorney has actually entered the case, a defendant who had not asked to speak with an attorney must be made aware of the attorney's entry into the case so that he or she may decide whether to consult with counsel before making a refusal decision (see id. at 233).

"[A]n attorney 'enters' a criminal matter and triggers the indelible right to counsel when the attorney or a professional associate of the attorney notifies the police that the suspect is represented by counsel" (People v Grice, 100 NY2d 318, 324 [2003]). Notification given to the police by a third party, such as a member of the defendant's family, is not sufficient to establish counsel's entry into the case (see id. at 322; People v McCray, 121 AD3d 1549, 1549-1550 [2014]; see also People v Brown, 309 AD2d 1258, 1258 [2003]). Although the holding in Grice related to the triggering of the indelible constitutional right to counsel, we see no reason to apply a less stringent rule for triggering the more limited right to consult with counsel before deciding whether to refuse a blood alcohol test. Indeed, the reasons for applying this clear rule as to entry of counsel for purposes of the constitutional right to counsel (see People v Grice, 100 NY2d at 323-324), apply with equal force to the more limited Gursey right.

Here, the parties do not dispute that at 2:35 a.m. the defendant consented to take the blood alcohol test; at 2:38 a.m. the police learned of the name and telephone number of an attorney for the defendant, but the record does not explain how they got that information; at 2:49 a.m. the blood alcohol test was administered; and at 3:30 a.m. the defendant was advised of his rights and made a statement. Thus, the record does not establish that counsel contacted the police before the test was given to notify them that he represented the defendant. Because the record does not establish that counsel "entered" the case before the test was given, the Supreme Court erred in finding that the blood alcohol test was given in violation of the defendant's limited right under Gursey and Washington to consult with counsel (cf. People v Washington, 23 NY3d 228 [2014]; People v Grice, 100 NY2d 318 [2003]; People v Gursey, 22 NY2d 224 [1968]). Moreover, regardless of whether the court was correct in suppressing the results of the blood alcohol test, there was no basis for suppression of any of the evidence obtained after the police administered that test. Accordingly, the court should have denied suppression of the results of the blood alcohol test and the evidence obtained thereafter.

In light of our determination, we need not address the

People's remaining contentions. The defendant's remaining contentions are not properly before this Court on the People's appeals from the suppression order and the order made upon reargument (*see* CPL 470.15 [1]; *People v LaFontaine*, 92 NY2d 470, 473-474 [1998]). Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.