People v Sellers (2021 NY Slip Op 21249)

People v Sellers

2021 NY Slip Op 21249 [73 Misc 3d 5]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 27, 2021

[*1]

The People of the State of New York, Respondent,
v
Scott Sellers, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, September 9, 2021

APPEARANCES OF COUNSEL

Legal Aid Society (Tammy Feman and Gianpaolo Ciocco of counsel) for appellant.
Joyce A. Smith, Acting District Attorney (Autumn S. Hughes and Madeline Collins of counsel), for respondent.

{**73 Misc 3d at 7} OPINION OF THE COURT

Memorandum.

Ordered that the judgments of conviction are affirmed.
Insofar as relevant to this appeal, defendant was charged, in separate misdemeanor informations, with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), and operating a motor vehicle without two lighted rear lamps (Vehicle and Traffic Law § 375 [2] [a] [3]).
At a pretrial suppression hearing, the arresting officer testified that, on May 21, 2016, at [*2]approximately 4:00 a.m., she was driving behind defendant and observed that defendant's vehicle had no rear taillights illuminated. The officer effected a traffic stop and observed that defendant appeared intoxicated in that there was a smell of alcohol on his breath, his eyes were glassy, red, bloodshot, and droopy, and his speech was slurred. Defendant admitted he was coming from a nightclub, where he had a couple of drinks. When he exited his vehicle, defendant was unsteady on his feet, and he failed each of several field sobriety tests. Defendant was arrested and transported to the central testing unit, where the arresting officer read the standard refusal warnings to him. The arresting officer then asked defendant two separate times if he would consent to a chemical analysis of his breath. After the first warning, defendant said, "no," but refused to provide his signature to that effect. After the second request, defendant refused to provide any response, placing his fingers in his ears and humming. At one point, defendant asked to make a phone call to a friend or sibling so that they could contact an attorney for him. Defendant subsequently made the phone call. Thereafter, on video, another officer read the refusal warnings to defendant five different times. Defendant refused to provide any response, again putting his fingers in his ears and humming while that officer read the refusal warnings. The second officer{**73 Misc 3d at 8} testified that he also had defendant perform several field sobriety tests and that defendant exhibited six clues of intoxication.
The hearing court (Scott H. Siller, J.) denied defendant's motion to suppress evidence of his refusal to submit to a breath test. Following a jury trial, defendant was found guilty of all of the aforementioned charges.
On appeal, defendant contends that his conviction of common-law driving while intoxicated should be reversed because the evidence of his refusal to take a breath test should have been suppressed, and because the evidence of his guilt was legally insufficient and the verdict was against the weight of the evidence; that the evidence was legally insufficient to convict him of operating a motor vehicle without two lighted rear lamps and the verdict was against the weight of the evidence; and that the cumulative errors of the District Court deprived him of a fair trial.
Vehicle and Traffic Law § 1194 "grants a motorist a qualified right to decline to voluntarily take a chemical test with the understanding that such a refusal will result in the immediate suspension and ultimate revocation of the motorist's driver license for a period of one year" (People v Patel, 169 AD3d 935, 936 [2019]; see Vehicle and Traffic Law § 1194 [2] [d]; People v Smith, 18 NY3d 544, 548 [2012]). The statute further provides that, when a motorist refuses to submit to a chemical test, evidence of such refusal "shall be admissible in any trial, proceeding or hearing" based upon a violation of Vehicle and Traffic Law § 1192, "but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal" (Vehicle and Traffic Law § 1194 [2] [f]; see People v Smith, 18 NY3d at 548-549; People v Patel, 169 AD3d at 936; People v Sirico, 135 AD3d 19, 23 [2015]; People v Enriquez, 69 Misc 3d 127[A], 2020 NY Slip Op 51123[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). "All that is required for a refusal to be admissible at trial is a record basis to show that, through words or actions, defendant declined to take a chemical test despite having been clearly warned of the consequences of refusal" (People v Smith, 18 NY3d at 551). Moreover, a person arrested for driving while intoxicated has the right to consult an attorney before deciding whether to consent to a chemical [*3]test only if the person makes a specific request for the assistance of counsel (see People v Shaw, 72 NY2d 1032 [1988];{**73 Misc 3d at 9} People v Gursey, 22 NY2d 224 [1968]); "generalized requests for an attorney are insufficient to invoke the limited or qualified right" (People v Washington, 107 AD3d 4, 9 [2013], affd 23 NY3d 228 [2014]).
[1] Here, the evidence established that defendant requested and was given an opportunity to call a friend or sibling, and indicated on the refusal video that he called an individual so that they could reach an attorney for him. Notably, defendant never stated that he wanted to speak with an attorney, nor did he express a desire to consult with an attorney on the refusal video. Defendant was provided with the refusal warnings multiple times. Defendant's statement to the police that he wanted to make a phone call to a friend or sibling to get in touch with an attorney was insufficient to invoke his right to counsel (see People v Hartley, 65 NY2d 703, 705 [1985]; People v Rowell, 59 NY2d 727, 730 [1983]), as it did not unequivocally inform the officers of his intention to retain counsel, or that he wanted the opportunity to consult with an attorney before speaking further to the police or undertaking the breath test (cf. People v Smith, 18 NY3d 544, 547 [2012]; People v Gursey, 22 NY2d 224 [1968]). In any event, "there is no absolute right to refuse to take the test until an attorney is actually consulted, nor can a defendant use a request for legal consultation to significantly postpone testing" (People v Smith, 18 NY3d at 549). We find that a reasonable motorist in defendant's position would have understood that his final response to the second officer's request would be interpreted by the officer as a binding refusal to submit to a chemical test (see People v Warren, 160 AD3d 1132, 1136-1137 [2018]; cf. People v Smith, 18 NY3d at 551; see People v Enriquez, 69 Misc 3d 127[A], 2020 NY Slip Op 51123[U]). Consequently, the District Court properly ruled that evidence of defendant's refusal was admissible at trial.
Next, we turn to defendant's preserved contentions (see CPL 470.05 [2]) that the guilty verdicts of common-law driving while intoxicated and operating a motor vehicle without two lighted rear lamps were not supported by legally sufficient evidence and were against the weight of the evidence. To convict defendant of common-law driving while intoxicated, the People had to prove, beyond a reasonable doubt, that defendant drove his vehicle in an intoxicated condition (see Vehicle and Traffic Law § 1192 [3]), and such proof may be established by circumstantial evidence (see People v Litto, 8 NY3d 692, 705 [2007]). To convict defendant of driving without two lighted rear lamps, the People{**73 Misc 3d at 10} had to prove, beyond a reasonable doubt, that defendant drove his vehicle without red taillights illuminated during the period from 30 minutes after sunset to 30 minutes before sunrise (see Vehicle and Traffic Law § 375 [2] [a] [3]).
[2] Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish defendant's guilt of both charges. With respect to the traffic infraction, the arresting officer testified at trial that she observed defendant's vehicle traveling without taillights illuminated at about 4:00 a.m., while it was still dark outside. Thus, it can be reasonably inferred that defendant was operating his vehicle without two lighted rear lamps during the period between 30 minutes after sunset and 30 minutes before sunrise.
With respect to the conviction of common-law driving while intoxicated, the arresting officer testified at trial that she smelled a strong odor of alcohol on defendant's breath, she observed several additional indicia of alcohol intoxication, and defendant admitted that he was coming [*4]from a nightclub where he had consumed alcohol. A second police officer also observed indicia of alcohol intoxication. Moreover, defendant failed all of the field sobriety tests administered at the scene and at the testing unit, and refused to submit to a chemical test. The foregoing evidence was legally sufficient to establish defendant's guilt of common-law driving while intoxicated (see People v Scroger, 35 AD3d 1218, 1219 [2006]).
In reviewing the weight of the evidence with respect to both of the aforementioned charges (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon this review, we find that the verdicts were not against the weight of the evidence.
We have examined defendant's remaining contention—that the District Court committed errors which cumulatively deprived him of a fair trial—and find it to be without merit, and, in any event, errors, if any, were harmless (see People v Crimmins, 36 NY2d 230, 241 [1975]).
Accordingly, the judgments of conviction are affirmed.
Emerson, J.P., Garguilo and Voutsinas, JJ., concur.